**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL TROICE, | § | |
| HORACIO MENDEZ, | § | |
| ANNALISA MENDEZ, | § | |
| PUNGA PUNGA FINANCIAL, LTD. | § | |
| individually and on behalf of a class | § | |
| of all others similarly situated | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:09-cv-01600-F |
| | § | |
| PROSKAUER ROSE, LLP, | § | |
| THOMAS V. SJOBLOM, | § | |
| P. MAURICIO ALVARADO, and | § | |
| CHADBOURNE & PARKE, LLP | § | |
| | § | |
| Defendants. | § | |

---

**PLAINTIFFS' MOTION TO DEFER RESOLUTION OF MOTIONS TO DISMISS,**
**TO COMPEL RULE 26(f) CONFERENCE AND FOR ENTRY**
**OF SCHEDULING ORDER**

---

NOW COME Plaintiffs, Samuel Troice, Horacio Mendez, Annalisa Mendez and Punga

Punga Financial, Ltd., individually and on behalf of a class of all others similarly situated,

(collectively hereinafter "Plaintiffs") and file this motion (the "Motion") requesting that the

Court defer resolution of the pending motions to dismiss filed by Defendants Proskauer Rose,

LLP, Thomas V. Sjoblom, P. Mauricio Alvarado, and Chadbourne & Parke, LLP (collectively

"Defendants") until the summary judgment stage; to compel Defendants to participate in a Rule

26(f) scheduling conference, and to enter a scheduling order in the above-captioned case and

allow the parties to engage in discovery, and in support state as follows:

## CERTIFICATE OF CONFERENCE

Counsel for Plaintiffs consulted with counsel for Defendants regarding this Motion. Counsel for the Defendants have indicated that Defendants are opposed to the relief requested.

## INTRODUCTION AND PROCEDURAL BACKGROUND

This is one of the principal Stanford third party class action cases filed on **July 2, 2009** alleging that Defendants, New York-based law firms Proskauer Rose, LLP, and Chadbourne & Parke, LLP (and former partner of both firms, Tom Sjoblom), along with Stanford's former General Counsel Mauricio Alvarado, aided and abetted Stanford's fraud by, *inter alia*, conspiring with Stanford to obstruct the SEC's investigation of Stanford's CD sales program from 2005 until February 2009.   This action seeks certification of a class of *all* Stanford investors and claims damages on their behalf of billions of dollars, with alternative subclasses also alleged.

The Defendants filed motions to dismiss in December 2009.  Doc. Nos. 29, 31, 36 and 44. On October 27, 2011, this Court granted the various motions to dismiss filed by the Defendants, finding that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precluded the action.  Doc. No. 96.  On March 19, 2012, the 5th Circuit issued its opinion reversing this Court's order of dismissal. *Roland v. Green*, 675 F.3d 503 (5th Cir. 2012).  The 5th Circuit's Judgment was filed in this Court on May 9, 2012.  Doc. No. 106.  On February 26, 2014, the Supreme Court issued its opinion affirming the 5th Circuit and concluding that SLUSA did not preclude the state law-based class action lawsuits brought against Defendants in this case. *Chadbourne & Parke, LLP v. Troice*, 571 U.S. ____, 134 S. Ct. 1058 (2014).

This case has been pending now for close to 5 years, yet there is no scheduling order, the parties have not commenced discovery, and the case is not set for trial.  Defendants originally

filed their motions to dismiss this case, in which they first raised the issue of SLUSA preclusion, in late 2009.  Those motions have been fully briefed for over 4 years.

## ARGUMENT & AUTHORITIES

Rule 1 of the Federal Rules of Civil Procedure provides that the Rules should be construed in order to "secure the just, *speedy*, and inexpensive determination of *every* action." FED. R. CIV. P. 1 (emphasis added).  Under Rule 12(i) of the Federal Rules of Civil Procedure, this Court may defer resolution of a motion filed under Rule 12(b)(1)-(7) until trial.  Rule 16(b)(2) provides that a "judge *must* issue [a] scheduling order . . . within the earlier of 120 days after any defendant has been served . . . or 90 days after any defendant has appeared." FED. R. CIV. P. 16(b)(2) (emphasis added).  The entry of a written scheduling order within this timeframe is mandatory; "court[s] must issue a written scheduling order even if no scheduling conference is called." FED. R. CIV. P. 16 advisory comm. The time for the issuance of a scheduling order in this case has long-since passed.

Trial courts are afforded broad discretion in issues involving discovery.  *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 855 (5th Cir. 2000).  While the court may choose to stay discovery pending resolution of a motion to dismiss, it is by no means required to do so. *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.,* 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008).

While Defendants have thrown a myriad of technical legal arguments at the wall via their Motions to Dismiss to see which one sticks, the vast majority of their arguments revolve around inherently factual questions such as knowledge and causation.  These are typically matters for a jury to decide. Moreover Defendants can make all of these same legal arguments through summary judgment motions after discovery has been completed and the evidentiary record

developed.  Plaintiffs are <u>not</u> asking this Court to defer the legal arguments raised in the motions to dismiss until trial (as contemplated by Rule 12(i)), but rather only until summary judgment so that Plaintiffs can proceed to engage in discovery now.

It is not at all unusual for courts to defer rulings on motions to dismiss until the summary judgment stage.  *See Calip v. Concentra Health Service Inc.*, 2010 WL 637800 (N.D. Tex. 2010); *Duke Univ. v. Massey Energy Co.,* No. 1:08CV591, 2009 WL 4823361, at *2 (M.D.N.C. Dec.9, 2009) (unpublished)("[T]he Court determines in its discretion and in the interest of judicial management that ruling on the pending motion to dismiss filed by Defendants should be deferred and postponed until the time of trial or a ruling on any motion for summary judgment filed by Defendant, whichever first occurs. All arguments for judgment now appearing in the motion to dismiss should be folded into any summary judgment motion and brief." (internal citations omitted); *Slate v. Potter,* No. 1:04CV782, 2005 WL 2429877, at *1–2 (M.D.N.C. Sept.29, 2005) (unpublished) (denying motion to dismiss without prejudice to reconsideration after completion of discovery because "[s]ome of Defendant's arguments ... may be more thoroughly examined and accurately determined on a developed record"); *Food Lion, Inc. v. Capital Cities/ABC, Inc.,* 887 F.Supp. 811, 820 (M.D.N.C.1995); *Flue–Cured Tobacco Coop. Stabilization Corp. v. United States Envtl. Prot. Agency,* 857 F.Supp. 1137, 1145 (M.D.N.C.1994) ("The determination of the legal sufficiency of Plaintiff's claim [in Count IV] should be deferred until the next dispositive stage of litigation.  This claim can be adjudicated more accurately after the parties have developed the factual record." (internal citations omitted).

As noted above, this case has been pending for over 4 years.  The lack of a scheduling order, discovery plan, and trial setting in this case deprives the Plaintiffs of a "just" and "speedy" resolution of this case. Continued delay prejudices the Plaintiffs and the victims of the Stanford

fraud by potentially compromising the quality of evidence and availability of witness testimony due to the passage of time. "In the litigation context, delay is not only of practical concern, as it results in a decrease in evidentiary quality and witness availability, but also of social concern, as it is cost prohibitive and threatens the credibility of the justice system." *Hall v. Town of Gilcrest, CO*, 2011 WL 1518667, at *1-2 (D. Colo. Apr. 20, 2011) (quoting Mariel Rodak, *It's About Time: A Systems Thinking Analysis of the Litigation Finance Industry and Its Effects on Settlement*, 155 U. PA. L. REV. 503, 528 (2006)).

To avoid further prejudice to the Plaintiffs and similarly situated Stanford investors, the Court should issue an order deferring resolution of Defendants' motions to dismiss until the summary judgment stage, compel Defendants to participate in a Rule 26(f) conference and enter a scheduling order allowing the parties to proceed with discovery. The status quo only favors the Defendants and amounts to a stay of proceedings even though the Defendants have never even requested a stay. Although it is within the Court's discretion to grant a stay "for good cause shown," there is no cause for a stay in this case. Fed. R. Civ. P. 26(c). Good cause exists where discovery would subject a party to "annoyance, embarrassment, oppression or undue burden or expense." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 766, 767 (W.D. Tex. 2008). This Court has held that "[w]here a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Off'l Stanford Inv. Comm., et al. v. Greenberg Traurig, LLP, et al.*, Civil Action No. 3:12-cv-4641-n [Docket No. 45] (N.D. Tex. Mar. 18, 2013) (quoting *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 204 n.6 (5th Cir. 1985)).

Participation in a Rule 26(f) conference, followed by the entry of a scheduling order and the commencement of discovery, will not subject Defendants to "annoyance, embarrassment,

oppression or undue burden or expense." *Fresenius Med.*, 571 F.Supp.2d at 767. Allowing the parties to proceed with discovery imposes no special burden on Defendants. "Defendants always are burdened when sued, whether the case ultimately is dismissed, summary judgment is granted, there is a settlement, or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." *Hall,* 2011 WL 1518667, at *2.

Accordingly, Plaintiffs request that the Court enter an order deferring resolution of Defendants' Motions to Dismiss, compelling Defendants to participate in a Rule 26(f) scheduling conference within seven (7) days after entry of that order, and that the Court thereafter enter a scheduling order providing a discovery control plan, pre-trial deadlines, including deadlines for filing motions for summary judgment, and setting this case for trial.

Dated:  March 28, 2014

Respectfully submitted,

**CASTILLO SNYDER, P.C.**
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas  78205
Telephone:  (210) 630-4200
Facsimile:  (210) 630-4210


By:  */s Edward C. Snyder*
EDWARD C. SNYDER
State Bar No. 00791699
esnyder@casnlaw.com
JESSE R. CASTILLO
State Bar No. 03986600
jcastillo@casnlaw.com


**NELIGAN FOLEY, LLP**
Republic Center
325 N. St. Paul, Suite 3600
Dallas, Texas  75201
Telephone: (214) 840-5320
Facsimile:  (214) 840-5301


By:  */s Nicholas A. Foley*
NICHOLAS A. FOLEY
State Bar No. 07208620
nfoley@neliganlaw.com
DOUGLAS J. BUNCHER
State Bar No. 03342700
dbuncher@neliganlaw.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS**

By:  /s *Edward F. Valdespino*
EDWARD F. VALDESPINO
State Bar No. 20424700
edward.valdespino@strasburger.com
ANDREW L. KERR
State Bar No. 11339500
andrew.kerr@strasburger.com
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100


DAVID N. KITNER
State Bar No. 11541500
david.kitner@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, Texas  75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330


## CERTIFICATE OF SERVICE

On March 28, 2014, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:   */s Edward C. Snyder*
Edward C. Snyder