**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL TROICE; HORACIO MENDEZ;** | § | |
| **ANNALISA MENDEZ; and PUNGA PUNGA** | § | |
| **FINANCIAL, LTD., Individually and behalf** | § | |
| **Of a class of all other similarly situated,** | § | |
| *Plaintiffs,* | § | |
| | § | **Case No. 03:09-CV-1600-F** |
| | § | |
| **v.** | § | |
| | § | |
| **PROSKAUER ROSE, LLP; THOMAS V.** | § | |
| **SJOBLOM; P. MAURICIO ALVARADO; and** | § | |
| **CHADBOURNE & PARK, LLP,** | § | |
| *Defendants.* | § | |

---

**DEFENDANT PABLO M. ALVARADO'S RESPONSE TO PLAINTIFFS'**
**MOTION TO DEFER RESOLUTION OF MOTIONS TO DISMISS, TO COMPEL**
**RULE 26(f) CONFERENCE AND FOR ENTRY OF SCHEDULING ORDER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Pablo M. Alvarado files this Response to Plaintiffs' Motion to Defer

Resolution of Motions to Dismiss, to Compel Rule 26(f) Conference and for Entry of

Scheduling Order and in support thereof respectfully shows the following:

I.

Plaintiffs' Motion is the latest effort in a four-year campaign to dodge a decision on

Defendant's pending dismissal motion despite the fact the Court has already considered the

question of whether discovery, including initial disclosures should go forward.  In April,

2010, Plaintiffs moved to compel responses to Initial Disclosures.  (Doc 70).  Defendant

1

responded and requested the Court stay all discovery and not just responses to Initial Disclosures. (Doc 72).   On July 19, 2010, the Court entered an order staying discovery in this matter until such time as the Motions to Dismiss have been decided.  (Doc 82).  Plaintiffs have not sought to vacate that prior Order and have put forth nothing that should require the Court to defer ruling the Motions to Dismiss currently still pending.

Additionally, the Plaintiffs ignore that the subsequent delays in this matter come not from the Defendants, but as a matter of a complete stay of proceedings while the Fifth Circuit addressed the applicability of SLUSA. The SLUSA issues have now been resolved, so Plaintiffs ask the Court, yet again, to "defer resolution" of the Dismissal Motion to allow them to engage in discovery.

Despite precipitating the delays in this case and ignoring the fact that the Court has already stayed discovery pending a resolution of the Motions to Dismiss, Plaintiffs now suggest that this Court has been dilatory in issuing a Scheduling Order.  Plaintiffs further contend they will be prejudiced if they are not permitted immediate discovery.  Nothing could be further from the truth, and the Court should stand by its previous Order.

Plaintiffs' Motion is meritless for two principal reasons:

**1.      Good Cause Exists to Adjudicate the Dismissal Motion First.**

Alvarado's Dismissal Motion is fully briefed and, if granted, would dispose of Plaintiffs' claims in their entirety. That would spare Defendant the extensive and expensive discovery that he does not need to engage in.  Under Fifth Circuit precedent, good cause exists to decide the motion before requiring Defendant's participation in costly and

burdensome discovery. *See, e.g., Landry v. Air Line Pilots Assoc. Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) (stay of discovery appropriate where dismissal motion "might preclude the need for the discovery altogether thus saving time and expense").

      **2.**      **No Legitimate Reason Exists to Defer Adjudication until Summary Judgment.**

Plaintiffs argue, without support, that this Court should "defer the legal arguments raised in the motions to dismiss . . . until summary judgment . . ." because "[i]t is not at all unusual for courts" to do so.  In every case cited by Plaintiffs, however, the Court considered and decided the defendant's motion to dismiss and, in that context, deferred certain issues for further factual development. Here, in stark contrast, Plaintiffs ask that the Court completely ignore Defendant's fully-briefed Dismissal Motion without analyzing whether further facts are needed (which they are not). Plaintiffs cite no case endorsing the extraordinary relief they seek.  As such, the request should be denied.

## ARGUMENT

### I.      THERE IS GOOD CAUSE TO DECIDE DEFENDANT'S MOTION TO DISMISS PRIOR TO COSTLY AND UNNECESSARY DISCOVERY

It is well-settled that when a dispositive motion contains substantial arguments that might preclude the need for discovery altogether, good cause exists to decide the motion prior to undertaking costly discovery. *See, e.g., Von Drake v. Nat'l Broad. Co., Inc.*, 3:04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (collecting cases) (stay of discovery appropriate where "resolution of preliminary motion may dispose of entire action" and preclude the need for costly discovery); *Landry*, 901 F.2d at 436 (discovery stayed where

the motion to dismiss "might preclude the need for the discovery altogether thus saving time and expense."); *Corwin v. Marney, Orton Invs.,* 843 F.2d 194, 200 (5th Cir. 1988) (affirming stay of discovery while motion for summary judgment based on statute of limitations was pending, and holding that "[i]t would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach trial because of the expiration of limitations period"); *Washington v. Norton Mfg., Inc.*, 588 F.2d 441, 447 (5th Cir. 1979) (deferral of discovery was justified pending consideration of Rule 12(b)(6) motion).

The generally accepted rule is that while motions to dismiss are pending, discovery into the merits should be held in abeyance. *See, e.g., Ferrer*, 484 F.3d at 782 (discovery not permitted pending decision on motion to dismiss because the issue relates to the sufficiency of the pleading not the potential evidence related to success on the merits); *Haynsworth v. The Corporation*, 121 F.3d 956, 970 (5th Cir. 1997) (rejecting the plaintiffs' argument that the district court erred in dismissing complaint without permitting additional discovery); *Kastner v. Lawrence*, 390 Fed. Appx. 311, 316 (5th Cir. 2010) (no abuse of discretion in denying discovery despite assertion that discovery would lead to probative evidence).

There is limited Fifth Circuit case law regarding the test for when a district court can or should defer its ruling on a fully briefed motion to dismiss until summary judgment. The cases cited in Plaintiffs' motion merely confirm that the decision falls within the broad discretion afforded trial courts regarding issues of discovery. See *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 856 (5th Cir. 2000). Defendant agrees.

4

The issue of deferral, however, has been addressed by the United States Court of Appeal for the Fourth Circuit and by the United States District Court for the Northern District of Texas. *See Teachers' Retirement System of Louisiana v. Hunter*, 477 F.3d 162, 170 (4th Cir. 2007*); see Von Drake v. Nat'l Broad. Co., Inc.*, 3:04-cv- 0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

In *Hunter*, an investor-driven class action securities lawsuit, the Fourth Circuit discussed when, if ever, it would be appropriate for a district court to defer ruling on a Rule 12(b)(6) motion to dismiss until summary judgment or trial. *Id.* at 170. The court found that such a motion should only be deferred when the grounds raised for dismissal are dependent on a development of the facts. *Id.* If the complaint still fails to satisfy Rule 12(b)(6), in spite of the district court's obligation to take, as true, all well-pleaded facts, the district should not hesitate in ordering dismissal. *Id.; see Gines v. D.R. Horton, Inc.*, 669 F.3d 812, 816 (5th Cir. 2012).

In *Von Drake*, the Northern District granted the defendants' motion for a temporary stay of discovery so that it could rule on the pending motion to dismiss. *Von Drake*, 2004 WL 1144142, at *1. The court held that "[a] stay of discovery may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Id.* at *1 (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990), cert. denied, 498 U.S. 895 (1990)). The court further held that discovery should be stayed where the defendants have "substantial arguments for

5

dismissal of many, if not all, of plaintiff's claims" and a temporary delay will not "substantially or unduly delay the litigation." *Id*. at *2.

Based on this clear authority, the Court should decide the Dismissal Motion before forcing Defendant to undertake burdensome discovery. *See, e.g., Brown v. DFS Servs., L.L.C.,* 434 F. App'x 347, 354 (5th Cir. 2011) ("It is properly within the province for the district court to stay discovery pending resolution of dispositive motions, as the court has wide latitude to order proceedings in the interest of justice and judicial economy.").

**A. Discovery Is Unnecessary To Resolve the Dismissal Motion**

Plaintiffs claim that the "vast majority" of defendants' arguments "revolve around inherently factual questions such as knowledge and causation" and, therefore, should be addressed "through summary judgment motions after discovery has been completed and the evidentiary record developed."  However, this argument is simply not true.

It is clear from the pleadings that the Texas rule of qualified immunity vitiates all of Plaintiffs' claims against Defendant. Under the rule, "Texas courts have long held that attorneys are 'qualifiedly immune' and cannot be held civilly liable for damages to non-clients, under any theory of recovery, for actions in connection with representing a client." The rule of qualified immunity is routinely applied by Texas courts prior to any discovery where, as here, its application is clear from the allegations in the SAC. *See, e.g., Ortega v. Young Again Prods., Inc.*, Civ. A. No. H- 12-0001, 2012 WL 1709714, at *4-5 (S.D. Tex. May 15, 2012); *FinServ Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 671-76 (S.D. Tex. 2010); *Alpert v. Riley*, Civ. A. No. H-04- CV-3774, 2008 WL 304742, at *14-18

6

(S.D. Tex. Jan. 31, 2008). This dispositive defense is evident from the face of the FAC. Plaintiffs offer no basis in their Motion to conclude that discovery is needed to address it.

Texas courts routinely rule that a defense of qualified immunity is a threshold issue that should be decided in advance of costly and burdensome discovery. See, e.g., *Winstead v. Box*, 419 F. App'x 468, 469 (5th Cir. 2011) ("One of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim. Therefore, we have held that discovery must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (emphasis in original); *Wicks v. Miss. State Emp. Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (same); *White v. Callender*, Civ. A. No. 3:11-CV-2002-M, 2011 WL 6263256, at *5 (N.D. Tex. Nov. 16, 2011) ("Generally, a plaintiff may not obtain discovery against a party asserting qualified immunity until the Court first finds that the pleadings assert facts sufficient to overcome the qualified immunity defense.").

Plaintiffs articulate no reason why additional discovery is necessary for the Court to rule on any of Defendant's other basis for dismissal, including: (1) failure to state a claim under the Texas Securities Act , (2) failure to state a claim of aiding and abetting and conspiracy under Texas law , and (3) failure to meet the heightened pleading standards of Rule 9(b). There is nothing "inherently factual" about any of these dispositive legal defenses. They can and should be addressed and decided without discovery.

Plaintiffs' Motion offers no support for deferring consideration of the Dismissal Motions until summary judgment.  Plaintiffs do not even describe the discovery they believe

7

they need that would justify the Court deferring a ruling on Defendant's motions.  The Plaintiffs' Motion is completely silent as to the facts Plaintiffs hope to obtain if Defendant's motions are deferred until summary judgment and general discovery is permitted.  Plaintiffs' have simply failed to show the Court any reason why discovery would address a single one of the legal defenses raised in the Motion to Dismiss.

As such, there is no reason for this Court to defer ruling on the Motions to Dismiss and require the Defendant to participate in costly and unnecessary discovery.  Plaintiffs' request, if granted, would require Defendant to participate in extensive and expensive discovery into issues that would in all likelihood not survive a Rule 12(b)(6) ruling.

### B. Plaintiffs Offer No Legitimate Reason to Defer Dismissal

While Plaintiffs contend that "[i]t is not at all unusual for courts to defer rulings on motions to dismiss until the summary judgment stage," all of Plaintiffs' cases involved situations where the court, after analyzing the grounds for dismissal, concluded that the record needed additional development. *Calip v. Concentra Health Serv., Inc.*, Civ. No. 3:08-CV-2104-O, 2010 WL 637800, at *3 (N.D. Tex. Feb. 22, 2010) (upon consideration of a dismissal motion, the court concluded the record needed further development to be addressed at summary judgment stage); *Duke Univ. v.Massey Energy Co.*, No. 1:08CV591, 2009 WL 4823361, at *2 (M.D.N.C. Dec. 9, 2009) (same); *Slate v. Potter*, No. 1:04CV782, 2005 WL 2429877, at *1-2 (M.D.N.C. Sept. 29, 2005) (same); *Food Lion, Inc. v. Capital Cities/ABC*, *Inc.*, 887 F. Supp. 811, 813, 820 (M.D.N.C. 1995) (dismissing several claims on a dismissal motion and deferring others to be addressed on summary judgment); *Flue-Cured Tobacco*

*Coop. Stabilization Corp. v. U.S. EPA*, 857 F. Supp. 1137, 1145 (M.D.N.C. 1994) (same).

Plaintiffs cite no case deferring resolution of a dispositive legal issue raised on a 12(b)(6)

motion on the grounds that Plaintiffs simply want to stave off dismissal.  There is nothing

"inherently factual" about any of the dispositive legal defenses raised by Defendant. They

can and should be addressed and decided without discovery.

    Additionally, Plaintiffs' claim that deferring the resolution of the dismissal motions is

warranted to avoid "prejudice" and "continued delay" is simply not credible.  It has been

Plaintiffs who consistently advocated for delay in this case, while Defendant has sought a

ruling on his Dismissal Motion for more than four years.  In September 2011, Plaintiffs filed

an Opposed Motion to Stay.  Defendant wanted the Motions to Dismiss heard, but it was

Plaintiff that requested the stay from the Court.  So, to argue now that the Plaintiffs wish to

avoid "prejudice" or "continued delay" and to place that blame on the Defendant is

disingenuous.  Defendant has consistently requested that his Motion to Dismiss be heard

before discovery. *See, e.g.* ECF 72.

    As such, the Court should deny Plaintiffs' Motion and rule on the Motions to Dismiss

prior to requiring Defendant to engage in costly and unnecessary discovery.  The Plaintiffs

have not demonstrated to the Court that the discovery is warranted, and the Defendant is

entitled to a ruling on his Motion to Dismiss that has been pending for more than four years.

## CONCLUSION

    For these reasons, Defendant respectfully requests that the Court deny Plaintiffs'

Motion.

Respectfully submitted,

**STANLEY, FRANK & ROSE, LLP.**

/s/  *Michael J. Stanley*
Michael J. Stanley
State Bar No. 1904660
So. District Bar No. 13283
Brian Tagtmeier
State Bar No. 00785078
So. District Bar No. 16248
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Telephone:  713-980-4381
Facsimile:   713-9801179
mstanley@stanleylaw.com
btagtmeier@stanleylaw.com

**ATTORNEY FOR DEFENDANT,**
**PABLO M. ALVARADO**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing document was served via ECF on counsel of record on this the 17th day of April 2014.

/s/  Michael J. Stanley
Michael J. Stanley

10