IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL TROICE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1600-N |
| | § | |
| PROSKAUER ROSE LLP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

This Order addresses Plaintiffs' motion to defer resolution of motions to dismiss, to compel a Rule 26 conference, and for entry of scheduling order [Doc. 125]. It also addresses Defendants' motion for leave to file notice of supplemental authority [134]. The Court denies Plaintiffs' motion to defer and grants in part Plaintiffs' motions to compel a Rule 26 conference and for entry of a scheduling order. The Court grants Defendants' motion for leave to file notice of supplemental authority.

## I. THE ORIGINS OF THE VARIOUS MOTIONS

Plaintiffs were investors in the alleged Ponzi scheme perpetrated by R. Allen Stanford, his associates, and various entities under Stanford's control (collectively "Stanford"). Plaintiffs commenced this action on August 27, 2009, seeking to represent a class of former investors in the Stanford enterprise. Plaintiffs sued Defendants Proskauer Rose LLP ("Proskauer"), Chadbourne & Parke LLP ("Chadbourne"), Thomas V. Sjoblom, and P. Mauricio Alvarado for their alleged involvement in helping to conceal the illicit Stanford operations from regulatory authorities.

In December of 2009, Defendants filed separate motions to dismiss [29, 31, 36, 44]. In addition to other arguments, Defendants claimed that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") precluded Plaintiffs' suit. On July 19, 2010, the Court stayed discovery in the case pending resolution of the motions to dismiss. On October 21, 2011, the Court granted Defendants' motions to dismiss, holding that SLUSA applied to the action. On February 26, 2014, the U.S. Supreme Court issued its opinion in *Chadbourne & Parke LLP v. Troice*, 134 S. Ct. 1058 (2014), which held that SLUSA did not apply to this action, overturning the Court's order on the motions to dismiss. Because the motions to dismiss briefed alternative arguments, they are currently still pending.

Plaintiffs now move the Court to stay reconsideration of Defendants' motions to dismiss. Additionally, Plaintiffs move to compel Defendants to participate in a Rule 26 conference and enter a scheduling order. Defendants Proskauer, Chadbourne, and Sjoblom in turn seek leave to file supplemental briefing to their original motions to dismiss.

**II. THE COURT DENIES PLAINTIFFS MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTIONS TO DISMISS**

Plaintiffs move to defer consideration of the motions to dismiss until the summary judgment stage. They advance as their primary argument the need to commence discovery in the case. *See* Pls.' Mot. Defer Resolution [125] 4. This argument is moot, however, because the Court will permit limited discovery to go forward while it considers the pending motions to dismiss. Plaintiffs do not advance any other arguments for deferral of consideration. Accordingly, the Court denies Plaintiffs' motion to defer consideration.

### III. THE COURT GRANTS IN PART PLAINTIFFS' MOTION TO COMMENCE DISCOVERY

Plaintiffs move to compel a Rule 26 conference and for entry of a scheduling order. Plaintiffs seek to commence class certification and merits discovery (including or limited to attorney immunity issues) for one year, and ask the Court to set a date by which Plaintiffs must file their motions for class certification. Pls.' Rep. [133] 6. Plaintiffs rely on *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), for the proposition that class and merits discovery should proceed concurrently.

The Court entered an Order on July 19, 2010, granting Defendants' motion to stay discovery pending resolution of the motions to dismiss [84]. Defendants now argue that Order should be left in place and discovery should remain stayed. The Court disagrees. As Plaintiffs note, the Court's Order staying discovery was based in large part on pending SLUSA arguments, *see* Pls.' Rep. [133] 3, the validity of which would have stripped this Court of jurisdiction altogether. It is now uncontested this Court has jurisdiction, and the case may proceed accordingly. However, because this remains a putative class action, and discovery as to class certification has not yet commenced, the Court orders that discovery proceed according to a class certification schedule, which the Court will establish by separate order, while the Court considers the pending motions to dismiss.

### IV. THE COURT GRANTS DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Defendants Proskauer, Chadbourne, and Sjoblom move to file supplemental authority in support of their motions to dismiss. Because the motions were last briefed in 2009, the Court grants Defendants' motion. The Court will consider the exhibit attached to Defendants' motion for leave. Defendants Proskauer, Chadbourne, and Sjoblom may not file further

supplementation. The Court also grants leave to Plaintiffs and Defendant Alvarado and to supplement their earlier briefings on the matter. Parties must file supplementation, if any, within seven [7] days of this Order.

## CONCLUSION

The Court denies Plaintiffs' motion to defer reconsideration of pending motions to dismiss. The Court grants Plaintiffs' motion to compel a Rule 26 conference and enter a scheduling order in part. Discovery shall proceed according to the terms of a class certification discovery schedule to be released by separate order. The Court grants Plaintiffs and Defendant Alvarado leave to file supplemental briefing within seven [7] days of this Order.

Signed September 16, 2014.

_____
David C. Godbey
United States District Judge