UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL TROICE, HORACIO MENDEZ, ANNALISA MENDEZ, PUNGA PUNGA FINANCIAL, LTD. Individually and on behalf of a class of all others similarly situated | § § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:09-cv-01600 |
| PROSKAUER ROSE, LLP, THOMAS V. SJOBLOM, P. MAURICIO ALVARADO, AND CHADBOURNE & PARKE, LLP Defendants. | § § § § § § | |

_____

**OPPOSED MOTION TO ADD NAMED PLAINTIFF
AND PUTATIVE CLASS REPRESENTATIVE**
_____

NOW COME Plaintiffs, Samuel Troice and Punga Punga Financial, Ltd., individually and on behalf of a class of all others similarly situated (collectively hereinafter "Plaintiffs"), and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby move for the entry of an order permitting the Plaintiffs to add Pam Reed as a named plaintiff and class representative to replace class representative plaintiffs Horacio Mendez and Annalisa Mendez, who will continue as named plaintiffs but who have decided not to continue as class representative plaintiffs in this action.

## I.   INTRODUCTION

1.   Plaintiffs desire to replace the Mendez Plaintiffs with Pam Reed ("Reed") as a class representative in this case. The Mendez Plaintiffs will stay in this case as (individual) Plaintiffs.

2.      Reed, like the Mendez Plaintiffs, is a victim of the Stanford Ponzi scheme who purchased Certificates of Deposit issued by Stanford International Bank Ltd.  Like the Mendez Plaintiffs, Reed is a Texas resident.

3.      Reed is presently a member of the Official Stanford Investors Committee ("OSIC") and also currently serves as a putative class representative in *Wilkinson, et al vs. BDO USA, LLP, et al*, Cause No. 3:11-cv-01115, which case is in the process of settling.

4.      The request to add Reed as a named plaintiff and class representative for the putative class of all Stanford investors is appropriate.  She is merely replacing two of the class representatives and will represent the putative alternative class of U.S. investors in the event that the Court decides not to certify a class of all Stanford investors.

5.      The addition of Reed does not inject any new claims or issues into this class action.  Moreover, the substitution of Reed for the Mendezs will not result in any prejudice to Defendants. Reed submitted a Declaration in support of Plaintiffs' Motion for Class Certification on October 31, 2014 pursuant to this Court's Class Certification Scheduling Order [Doc. No. 142]; has already responded to class certification discovery requests from Defendants and produced all of her Stanford-related documents; and Defendants have already noticed Reed for deposition on class certification issues in Dallas on February 5, 2015.   See Declaration of Edward C. Snyder, and accompanying documents, attached as Exhibit "1".   Therefore adding Reed as a party will not delay the adjudication of this action or the Court's consideration of the class certification issues.

## I.   FACTUAL BACKGROUND

6.      Plaintiffs in this putative class action, on behalf of themselves and others similarly situated, seek damages from Defendants in the massive investment fraud scheme perpetrated by

the Stanford Financial Group and its principals from, by and through Texas that led to the intervention by the SEC in Texas and appointment of Ralph Janvey as Receiver. *See* Am. Compl. [Doc. No. 6]. The Plaintiffs allege, *inter alia*, that Defendants aided and abetted Stanford's evasion of securities laws and regulations and obstruction of an active SEC investigation from 2005 until Stanford was shut down in February 2009, thereby facilitating Stanford's sales of the fraudulent SIBL CDs in violation of the Texas Securities Act. *See generally id.*

7. The Class Complaint and Plaintiffs' draft Motion for Class Certification served on Defendants on October 31, 2014 seek certification of 3 alternative classes and/or subclasses: (1) all Stanford CD investors whose claims are recognized and authorized by the Receiver; and, in the alternative, (2) all Stanford CD investors from the U.S. whose claims are recognized and authorized by the Receiver in the SEC Action; and (3) all Stanford CD investors from Mexico whose claims are recognized and authorized by the Receiver in the SEC Action.

8. While they were originally named in the Complaint as Class Representatives for the global class, and, alternatively, for the class or subclass of U.S. investors, the Mendezs have decided not to continue in this case as class representatives, although they will remain in this case as named plaintiffs asserting their own individual claims against Defendants.

9. Plaintiffs now move to add Reed as a named class representative to replace the Mendez Plaintiffs. Because the class representative plaintiffs represent claims filed by the worldwide class of CD investors, including U.S. investors, Plaintiffs respectfully request that the Court grant the present application for relief.

## II.  ARGUMENTS AND AUTHORITIES

10. Even when a plaintiff can no longer amend his complaint as of right, leave to

amend is discretionary with the Court. Fed. Civ. P. R. 15(a)(2). Such leave "shall be freely given when justice so requires" or "with the opposing party's written consent." *Id*.

11. Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

12. The proposed amendment is not made in bad faith. The Mendez Plaintiffs have opted not to continue as class representative plaintiffs in this case, and Reed is ready, willing, and able to appear in these proceedings as a named plaintiff and class representative in their stead.

13. There will be no prejudice to Defendants if the Court grants the requested relief. Reed is not an entirely new party in that she has been a member of the proposed class from the outset, and she merely is taking the place of the Mendezs. Moreover, Defendants have known that Plaintiffs were going to seek to substitute Reed for the Mendezs since October 31, 2014 when Plaintiffs served Defendants with Reed's Declaration as part of their Motion for Class Certification and Defendants have sought and received discovery from Reed and have even noticed her deposition for February 5, 2015 in Dallas. As such, the addition of Reed does not inject new factual or legal issues into this action; nor does her addition alter the proposed class and subclasses alleged in the complaint. No new counsel will be interjected into this class action because Reed is represented by current class counsel.

14. The parties are in the process of class discovery, and Defendants will be taking Reed's deposition during the same week that they are taking other class representatives' depositions. As a result, the addition of Reed to replace the Mendez Plaintiffs will not delay the Court's consideration of the class certification issues.

15. Thus, the Court should grant the Motion to amend under Rule 15(a). *See Gould v. Motel 6, Inc.*, No. CV 09–8157 CAS (FMOx), 2011 WL 759472, at *5 (C.D. Cal. Feb. 22, 2011) (granting motion to amend to add a new named plaintiff representative under Rule 15(a)); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452 RJHRLE, 2006 WL 1049352, at *2 (S.D.N.Y. Apr. 19, 2006) (same, noting that: "In class actions, plaintiffs may add or modify class representatives during pre-class certification discovery.") (citation omitted).

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court grant this Motion and permit Pam Reed to be added as a named plaintiff and putative class representative.

Dated: January 29, 2015

Respectfully submitted,

| | |
|---|---|
| **CASTILLO SNYDER, P.C.**<br>Bank of America Plaza, Suite 1020<br>300 Convent Street<br>San Antonio, Texas  78205<br>Telephone:  (210) 630-4200<br>Facsimile:  (210) 630-4210<br><br>By: */s Edward C. Snyder*<br>    EDWARD C. SNYDER<br>    State Bar No. 00791699<br>    esnyder@casnlaw.com<br>    JESSE R. CASTILLO<br>    State Bar No. 03986600<br>    jcastillo@casnlaw.com<br><br>**NELIGAN FOLEY, LLP**<br>Republic Center<br>325 N. St. Paul, Suite 3600<br>Dallas, Texas  75201<br>Telephone: (214) 840-5320<br>Facsimile:  (214) 840-5301<br><br>By: */s Nicholas A. Foley*<br>    NICHOLAS A. FOLEY<br>    State Bar No. 07208620<br>    nfoley@neliganlaw.com<br>    DOUGLAS J. BUNCHER<br>    State Bar No. 03342700<br>    dbuncher@neliganlaw.com | EDWARD F. VALDESPINO<br>State Bar No. 20424700<br>edward.valdespino@strasburger.com<br>ANDREW L. KERR<br>State Bar No. 11339500<br>andrew.kerr@strasburger.com<br>STRASBURGER & PRICE, LLP<br>300 Convent Street, Suite 900<br>San Antonio, Texas 78205<br>Telephone: (210) 250-6000<br>Facsimile: (210) 250-6100<br><br>DAVID N. KITNER<br>State Bar No. 11541500<br>david.kitner@strasburger.com<br>STRASBURGER & PRICE, LLP<br>901 Main Street, Suite 4400<br>Dallas, Texas  75202<br>Telephone: (214) 651-4300<br>Facsimile: (214) 651-4330 |

**ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

On January 29, 2015, I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:   */s Edward C. Snyder*
        Edward C. Snyder

## CERTIFICATE OF CONFERENCE

  All counsel to the putative class of plaintiffs and defendants have conferred, Defendants oppose this Motion.

        By: */s Edward C. Snyder*
           Edward C. Snyder