IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL TROICE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:09-CV-1600-N-BG |
| | § | |
| PROSKAUER ROSE LLP, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE RECEIVER

The discovery dispute at issue involves a subpoena Chadbourne & Parke LLP served on the Receiver Ralph S. Janvey on November 21, 2014 (Subpoena). The Subpoena requests the Receiver—who is neither a plaintiff nor defendant in this suit—to produce documents related to class certification. *See* App., at 221 (ECF No. 155).

The Receiver served formal objections to the Subpoena on December 19, 2014. App., at 241–53. Proskauer Rose LLP (Proskauer) and Chadbourne & Parke LLP (Chadbourne) (collectively, the Defendants) subsequently filed a motion to compel the Receiver to produce documents responsive to the Subpoena on January 13, 2015 (ECF No. 154). Plaintiffs—individually and on behalf of the class—and the Receiver filed responses to Defendants' motion. *See* ECF Nos. 165, 167. Defendants' filed a reply on February 17, 2015 (ECF No. 173).

The undersigned has considered Defendants' motion, Plaintiffs' and Receiver's responses, and Defendants' reply and has determined that Defendants' motion should be denied.

**Parties' Arguments**

In their motion to compel, Defendants assert that the information they are requesting from the Receiver is relevant to the requirements of class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3). Defs.' Mot. to Compel, at 2 (ECF No. 154). Specifically, Defendants seek information regarding the following: (1) the identities, residences, and citizenship of the proposed class members—which relates to Request Nos. 1 and 3 in the Subpoena; (2) information regarding the nature and basis for claims—which relates to Request Nos. 2, 5, 7, 8, 9, and 10 in the Subpoena; and (3) communications to and with Stanford investors—which relates to Request Nos. 11 and 15 in the Subpoena. *Id.* The Defendants contend that the information is critical to the class certification analysis, and the Receiver is the only person with access to this information. *Id.* at 2, 6.

The Plaintiffs contend in their response that the information the Defendants seek is irrelevant to class certification and the expense of producing the information outweighs any likely benefit. Pls.' Resp., at 4 (ECF No. 165). In his response, the Receiver joins and incorporates the Plaintiffs' response. Receiver's Resp., at 1 (ECF No. 167). Similar to the Plaintiffs, the Receiver asserts that the information the Defendants seek is irrelevant at the pre-class certification stage in this case. *Id.* He further argues that the Defendants' requests for information are overly broad and providing the information the Defendants request would place an undue burden and cost on the Receivership Estate.

**Discussion**

Rule 23 of the Federal Rules of Civil Procedure governs class actions. Rule 23(a) provides four threshold requirements that must be met in every type of class action case, including

numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a)(1)-(4) (2014); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2548–49 (2011). Importantly, the party seeking class certification bears the burden of proving each requisite element of Rule 23. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996).

In developing the facts related to any of these Rule 23 requirements, Rule 26—which governs discovery in general—applies. The federal discovery rules are typically broadly and liberally applied. Parties may discover information "regarding any matter, not privileged . . . ." Fed. R. Civ. P. 26(b)(1). However, Rule 26 specifically provides that the discovery of electronically stored information may be limited "because of undue burden or cost." *Id.* at 26(b)(2)(B). The management of discovery is within the sound discretion of the district court. *See* Fed. R. Civ. P. 26(c); *Duke v. Univ. of Tex. At El Paso*, 729 F.2d 994, 997 (5th Cir. 1984).

**A.    Proskauer does not have standing to compel the production of information from the Receiver.**

At the outset, the court notes that only Defendant Chadbourne served the subpoena upon the Receiver. *See* App., at 221. Although the Notice of Subpoena states that "Defendants Chadbourne & Parke, LLP [and] Proskauer Rose, LLP . . . intend to serve the attached subpoena to produce documents on Ralph S. Janvey," the subpoena itself lists only Chadbourne as the issuing party of the subpoena. *See id.* Rule 45(d)(2)(B)(I) specifically states that the "*serving party* may move the court . . . for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(I) (emphasis added). Here, Chadbourne is the only party that served the Receiver with the Subpoena and is the sole party with standing to compel the production of information from the Receiver.

Although Proskauer joined in the motion to compel at issue in this order, Proskauer's motion is denied for this reason. However, even if Proskauer had served the Subpoena on the Receiver, it would still not be entitled to the discovery it seeks to compel in its motion, as discussed below.

### B.     Requests for Production Nos. 1 and 3

Defendants request documents sufficient to identify, among other things, each claimant, the address, telephone number and other contact information for each claimant, and the citizenship of each claimant. App., at 222. The Defendants contend that this request is relevant to determining "the ascertainability of the proposed class and the superiority of the class action mechanism." Defs.' Mot. to Compel, at 11. The Plaintiffs argue that "[b]ecause the class is defined as investors whose claims have been approved by the Receiver, the class is plainly ascertainable." Pls.' Resp., at 5. Likewise, the Receiver argues that he has already produced a spreadsheet to the Defendants that contains claims-related information for more than 13,000 claim groups. Receiver's Resp., at 2. The Receiver contends that the spreadsheet complies with this court's prior orders, which provide that the distribution schedules "shall not contain information from which the individual Investor CD Claimants can be identified." *Id.* at 11; *see SEC v. Stanford Int'l Bank Ltd et al.*, Case No. 3:09-CV-298, Order Approving Receiver's Second Interim Distribution Plan, at 5 (ECF No. 2037).

The Defendants' request for a list of the names, addresses, telephone numbers, and other contact information for each claimant in the putative class is not reasonably related to proof of class certification issues. The Receiver has already provided a spreadsheet identifying claims-related information; the specific names and contact information of putative class members is not necessary to determine issues such as numerosity, common questions, and adequacy of representation. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Moreover, the Defendants are not entitled to documents containing the citizenship information of each putative class member. The Plaintiffs bear the burden of establishing superiority and whether foreign claimants should be included in the putative class. *See Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982) (placing burden on plaintiffs to show compliance with Rule 23); *In re Vivendi Universal, S.A.*, 242 F.R.D. 76, 93–109 (S.D.N.Y. 2007) (citing a collection of cases that address the citizenship of class members).

Accordingly, Defendants' Motion to Compel is **DENIED** with respect to Request Nos. 1 and 3 in the Subpoena.

### C.     Requests for Production Nos. 2, 5, 7, 8, 9, and 10

Request No. 2

Defendants request that the Receiver produce any "notices of deficiency distributed by the Receivership Estate to potential claimants." App., at 222. The Defendants have failed to establish how such information bears relation to class certification issues. The Motion to Compel is **DENIED** with respect to Request No. 2.

Request No. 5

Defendants request the Receiver to produce "[a]ll data that the Receiver, Receivership Estate or FTI would use to calculate damages, as referenced in paragraph 17 of the Janvey Declaration." App., at 222. Plaintiffs define the putative class as "persons or entities that held CD or other investment accounts with [Stanford International Bank] as of February, 2009 *and whose claims are recognized and authorized by the Receiver in the SEC Action . . . .*" Pls.' Second Am. Class Action Compl., at 42 (ECF No. 6). This court's prior orders specifically provide that damages are to be calculated through a net-loss methodology for "Investor CD Claimants"—who

are defined as "all holders of Stanford International Bank, Ltd. CD Claims or Other Stanford International Bank, Ltd. Claims . . . ." *See SEC v. Stanford Int'l Bank Ltd. et al.*, 3:09-CV-298-N, Order Approving Receiver's Interim Distribution Plan, at 4, 6 (ECF No. 1877), Order Approving Receiver's Second Interim Distribution Plan, at 2 (ECF No. 2037); *see also* Receiver's 1st Schedule of Payments to be made Pursuant to the 2nd Interim Plan (ECF No. 2097) (listing claims to be disbursed). Moreover, the Receiver has previously submitted—in this case as well as in other cases—information bearing on his methodology for computing classwide damages. The Motion to Compel production is **DENIED** with respect to Request No. 5.

Request No. 7

Defendants request the Receiver to produce the "SIB CD data referenced in Section XII (pages 35 and 36) of the Van Tassel Testimony . . . ." App., at 223. The Receiver contends that production of this information would reveal personal and confidential financial information, the request is overly broad, and production of such information would be burdensome, time consuming, and expensive. The Defendants have not established how such a request reasonably bears relation to class certification issues, other than to generally argue that it relates to the requirements of Rule 23. The Motion to Compel is **DENIED** with respect to Request No. 7.

Request No. 9

The Defendants request information "to show the customer account positions with Stanford Financial, including without limitation monthly and yearly holdings or positions in Stanford Financial investments or investment accounts." App., at 223. Such information is not necessary in this pre-class certification phase. The Motion to Compel is **DENIED** with respect to Request No. 9.

Request No. 10

The Defendants request information "to show investments in CDs, including without limitation copies of the investment instruments, monthly or yearly account statements, all account transfers or journaling activity, and any other documents reflecting activity concerning holding of CDs." App., at 223. Such information is not necessary in this pre-class certification phase. The Motion to Compel is **DENIED** with respect to Request No. 10.

### D.  Requests for Production Nos. 11 and 15

The Defendants also move to compel the Receiver to provide documents related to communications to and with Stanford investors. Specifically, the Defendants request "[a]ll documents provided to investors in connection with any purchase or sale of, or potential purchase or sale of, the CDs, including without limitation all Offering Materials," as well as "[a]ll communications sent or received by investors regarding any SEC investigation or inquiry concerning Stanford Financial or the CDs . . . ." App., at 223–24. Defendants argue that such communications are relevant to the issues of predominance and commonality. Defs.' Mot. to Compel, at 16.

The Defendants have not presented requests that are narrow in scope. The Receiver, who is not a party to this litigation, has a duty to minimize expenses and preserve the Receivership Estate for the victims of the Stanford ponzi scheme. As the Receiver states in his reply, Request Nos. 11 and 15 involves numerous communications and would require the Receivership Estate to review the communications to protect the privileges of the Stanford entities prior to producing such communications—a practice that would be costly to and burdensome on the Estate. Accordingly, the Motion to Compel is **DENIED** with respect to Requests Nos. 11 and 15.

Although the Defendants argue in their motion to compel that the Receiver should be compelled to produce responsive documents of the Joint Liquidators appointed by the High Court of Antigua and Barbuda—which relates to all document requests in the Subpoena—the Defendants state in their reply that they are not moving to compel the production of documents responsive to all of the requests in the Subpoena. *See* Defs.' Mot. to Compel, at 18; Defs.' Reply, at 8–9. Specifically, Defendants state in their reply that Request Nos. 4, 6, 12, 13, 14, and 16 are not at issue in the motion to compel. Thus, the court does not reach a decision with respect to Request Nos. 4, 6, 12, 13, 14, and 16.

Accordingly, Defendants' Motion to Compel is **DENIED**.

**SO ORDERED.**

Dated:   March 9, 2015.

_____
NANCY M. KOENIG
United States Magistrate Judge