UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---------------------------------------- x
: 
SAMUEL TROICE, HORACIO MENDEZ, :
ANNALISA MENDEZ, and :
PUNGA PUNGA FINANCIAL, LTD., :
individually and on behalf of all others similarly :
situated, :
:
                Plaintiffs, : Civil Action No. 3:09-cv-01600-N
: Hon. David C. Godbey
   - against - :
:
PROSKAUER ROSE LLP, :
THOMAS V. SJOBLOM, :
P. MAURICIO ALVARADO, and :
CHADBOURNE & PARKE LLP, :
:
                Defendants. :
:
---------------------------------------- x

**REPLY IN SUPPORT OF OBJECTIONS OF DEFENDANTS
PROSKAUER ROSE LLP AND CHADBOURNE & PARKE LLP
TO THE ORDER DENYING DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THE RECEIVER**

**PRELIMINARY STATEMENT**

The discovery that defendants have sought from the Receiver[1] is plainly relevant to the questions of whether plaintiffs' proposed "worldwide" class and alternative classes of Latin American, Mexican, and U.S. citizens can be certified.  Indeed, plaintiffs have defined each of those proposed classes to include only those persons whose claims the Receiver has recognized and have proposed to distribute any recovery to the class in accordance with the "net loss" methodology the Receiver has employed in administering the Stanford Receivership Estate. Plaintiffs thus have abdicated to the Receiver their burden of proving an ascertainable class and a common methodology for determining classwide damages.  By doing so, plaintiffs have placed the Receiver's methodology—or lack thereof—for identifying the citizenship and legal residence of putative class members and for computing classwide damages consistent with plaintiffs' theory of liability front and center on their motion for class certification.

The Receiver and plaintiffs claim in conclusory fashion that it is possible to identify the putative members of the four proposed classes and to administer damages on the uniform basis required by Federal Rule of Civil Procedure 23, but have failed to articulate any explanation for how this can be done, while vehemently resisting defendants' requests for the discovery defendants need to test plaintiffs' assertions.  So, too, has the Receiver denied defendants any discovery of Stanford Financial's communications with investors that might reveal what, if anything, Stanford Financial represented to those investors.  Those communications are critically relevant to whether investors' knowledge of and reliance upon the purported misrepresentations

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Objections of Defendants Proskauer Rose LLP and Chadbourne & Parke LLP to the Order Denying Defendants' Motion to Compel Production of Documents from the Receiver [Dkt. # 181] (the "Brief" or "Br."). The Receiver's Response to Defendants' Objections, dated April 13, 2015 [Dkt. # 189], is referred to as the "Receiver's Response" or "Receiver's Resp."  Plaintiffs' Response to Defendants' Objections, dated April 13, 2015 [Dkt. # 190], is referred to as "Plaintiffs' Response" or "Pls.' Resp."

made by Stanford Financial are uniform, and therefore whether common issues predominate.

The Magistrate Judge allowed the Receiver to withhold these relevant documents based on three fundamental errors of law.  First, the Magistrate Judge mistakenly concluded that defendants are not, as a matter of law, entitled to discovery about issues as to which plaintiffs bear the burden of proof.  That is erroneous under the Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).  (Br. at 6–7.)  Second, the Magistrate Judge mistakenly concluded that information relating to damages is "not necessary" in pre-certification discovery.  (Id. at 8–9.)  That is erroneous under the Supreme Court's decision in Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013).  (Br. at 8–10.)  Third, the Magistrate Judge mistakenly relied on the Receiver's nominal nonparty status to these proceedings as a relevant factor in denying discovery even though the Receiver has injected himself into this case by providing a declaration in support of plaintiffs' class certification motion and apparently proposes to operate as plaintiffs' claims administrator if plaintiffs are awarded damages.  (Id. at 11–12.)

Rather than defend the Magistrate Judge's incorrect legal rulings, the Receiver's Response attempts to divert this Court from those legal errors by urging the Court to apply a deferential standard of review.  But the Magistrate Judge's errors of law are clear, and regardless of the standard under which the Court reviews them, they are grounds for reversal.  The discovery defendants have sought from the Receiver goes to the heart of whether the multi-billion-dollar claims plaintiffs have asserted can proceed as a class action.  Plaintiffs' attempt to rely on the Receiver's data and methodology while at the same time supporting the Receiver's efforts to withhold that very information is palpably unfair, particularly in a case of this magnitude and particularly when the documents are unquestionably relevant to the certification

questions pending before this Court.[2] This Court should (i) reverse the Magistrate Judge's ruling, (ii) order the Receiver to produce the relevant documents in his possession, and (iii) allow a reasonable period for the parties to supplement their class certification briefing after the documents have been produced.

## ARGUMENT

### I. The Magistrate Judge's Order Should Be Reviewed De Novo

The Receiver asserts that this Court should effectively rubber stamp the Magistrate Judge's errant ruling by reviewing it only for an abuse of discretion. (Receiver's Resp. at 2–3.) Not so. This Court can and should review the Magistrate Judge's ruling de novo. As set forth in defendants' moving Brief and more fully below, the errors committed by the Magistrate Judge were legal ones. Such errors are reviewed de novo, regardless of whether the ruling at issue is an "order" on a non-dispositive matter or a "report and recommendation" on a dispositive one. See, e.g., Smith v. Smith, 154 F.R.D. 661, 665–66 (N.D. Tex. 1994) (applying a de novo standard of review to a magistrate judge's order quashing a subpoena duces tecum where "[d]efendants' . . . challenges to the magistrate judge's order essentially posit that the magistrate judge erred as a matter of law"); see also Mid-Continent Cas. Co. v. Eland Energy, Inc., Civil Action No. 3:06-CV-1576-D, 2008 WL 80760, at *1 (N.D. Tex. Jan. 8, 2008) ("The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his] legal conclusions." (alteration in original) (citation and internal quotation marks omitted)). The Court should accordingly exercise de novo review of the

---

[2] Plaintiffs have tendered their own response to defendants' objections, but the Court should disregard plaintiffs' submission in its entirety because it is well-settled that plaintiffs have no standing to object on grounds of relevance or burden to discovery not directed to them. Isenberg v. Chase Bank USA, N.A., 661 F. Supp. 2d 627, 629–30 (N.D. Tex. 2009); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975).

Magistrate Judge's ruling.[3]

## II. The Magistrate Judge Applied the Incorrect Legal Standard for Discoverability of Information Related to the Composition of the Proposed Class

The Supreme Court's ruling in Wal-Mart confirms that class action defendants are entitled to challenge class certification based on evidence that negates an element of a plaintiff's claim on issues for which the plaintiff bears the burden of proof. (Br. at 7.) The Magistrate Judge's ruling incorrectly concluded that defendants are not entitled to discovery of the evidence that would permit such a challenge. This result contravenes Wal-Mart and the plain language of Rule 26(b)(1). (Id. at 6–7.)

The Receiver does not even attempt to square the Magistrate Judge's conclusion with Wal-Mart. Instead, the Receiver argues that information concerning the composition of a putative class is not discoverable prior to certification. (Receiver's Resp. at 5.) The only authority he cites for that contention, however, is inapplicable because the party seeking the discovery "concede[d] that the putative class members' [] information . . . [was] not yet relevant to the case." Walker v. Alta Colls., Inc., No. A-09-CV-894-LY, 2010 WL 2710769, at *8–9 (W.D. Tex. July 6, 2010).[4] Here, unlike in Walker, there has been no concession by the defendants. To the contrary, information regarding the composition of the proposed class is essential to establishing whether plaintiffs can satisfy their burden to prove that a class is ascertainable. See John v. Nat'l Sec. Fire & Cas. Co., 501 F.3d 443, 445 (5th Cir. 2007).

---

[3] In any event, even if the Receiver were correct that the Court's review is for an abuse of discretion, the Court need not afford the Magistrate Judge's legal conclusions any deference because "it would indeed be an abuse of discretion . . . if the [Magistrate Judge] were wrong" on the legal issues defendants have raised. Long v. Atl. City Police Dep't, 670 F.3d 436, 447 (3d Cir. 2012); see United States v. Garcia, 530 F.3d 348, 351 (5th Cir. 2008) (noting that courts abuse their discretion when their rulings are "based on an erroneous view of the law").

[4] Plaintiffs also assert that information concerning the composition of the class is irrelevant, but the treatises they cite do not address the question. Those treatises instead discuss the purported standards for taking discovery from absent class members, not about absent class members. MANUAL FOR COMPLEX LITIG. §§ 21.14, 21.141 (2004); NEWBERG ON CLASS ACTIONS §§ 9:11–19 (5th ed. 2013). The Receiver, from whom defendants seek discovery, is not an absent class member.

Moreover, the Receiver has affirmatively put himself in the middle of this issue as he has willingly assumed responsibility for identifying putative class members and distributing any recoveries obtained if a class is certified. Thus, the Receiver's claim that production of the requested material would be unduly burdensome rings hollow. The Receiver is anything but a typical third party.

Finally, the fact that the Receiver has previously filed reports with the Court "setting forth the general geographical locations of the CD investors" (Receiver's Resp. at 6) is irrelevant. The information in those reports has no bearing on the composition of plaintiffs' proposed classes, which are based on the citizenship or legal residence of investors, not their "general geographical locations." Indeed, there is no evidence that the Receiver has <u>ever</u> collected <u>any</u> data regarding the citizenship of proposed class members. The Receiver's Response all but concedes as much, stating that the Receiver "<u>intends to</u> devote the necessary and appropriate resources to determine investors' citizenship depending upon the outcome of the class-certification determination."[5] (Receiver's Resp. at 6 (emphasis added).) The Receiver, however, has never explained how he would propose to do this, and as set forth in the Brief, the Receiver has conceded that he lacks adequate data from which to draw reliable conclusions about these issues. (Br. App. 194.) Defendants are entitled to discovery regarding the information through which the Receiver claims he can determine the citizenship of investors, as well as the methodology he would use to do so. The Magistrate Judge thus erred in denying discovery concerning the Receiver's and plaintiffs' unsupported claim that they will be able to identify the citizenship of proposed class members.

---

[5] The Receiver refers obliquely to data collected regarding "location and contact information" (Receiver's Resp. at 6), but this information is neither coextensive with nor necessarily even more than coincidentally related to the citizenship status of claimants.

### III. The Magistrate Judge Committed Legal Error by Denying Defendants Discovery Regarding the Nature of and Basis for Claims Approved by the Receiver

Given the plaintiffs' and the Receiver's conclusory assertion that the Receiver will be able to compute damages on a classwide basis, defendants sought information concerning the methodology he would use to do that. The Magistrate Judge rejected this discovery on the grounds that such documents are "not necessary in [the] pre-class certification phase." (Order at 6–7.) This ruling contravenes the Supreme Court's decision in <u>Comcast</u>, and should be reversed.

Rather than try to defend the Magistrate Judge's ruling under the law as set forth by the Supreme Court, the Receiver contends that the documents defendants have sought are unnecessary because the Receiver has represented that he uses a "net loss" methodology to distribute Receivership assets to Stanford's investors. (Receiver's Resp. at 5–6.) But the fact that the Receiver is using a "net loss" methodology in administering the Stanford Estate does not mean that the same methodology—or any methodology, for that matter—can be used to compute damages on a classwide basis in this case. Nor does it mean that a methodology matching any theory of liability asserted by plaintiffs exists, as <u>Comcast</u> requires. Indeed, contrary to what the Receiver suggests, it is <u>not</u> the case that any classwide recovery could simply be deposited into the Receivership Estate and distributed according to whatever existing formula the Receiver currently uses to distribute funds. That is because this Court has ruled that putative class members cannot recover from defendants where their CD purchases occurred outside the relevant limitations period and where their claims are "holder" claims under the Texas Securities Act. (<u>See</u> Br. at 9.) There is no indication that the Receivership Estate is disallowing claims on the same basis. Thus, this Court's ruling, itself, proves that discovery of the methodology proposed to calculate damages on a classwide basis in this case is necessary because the Receiver's methodology for computing distributions on behalf of the Receivership Estate cannot

6

be the same as whatever calculation might be employed in this case.

Neither the Receiver nor plaintiffs have provided any evidence suggesting that classwide damages can be calculated to exclude claims barred by the statute of limitations and holder claims. Thus, defendants are entitled to discover the basis for the Receiver's ipse dixit assertion that he can perform these calculations at all—let alone on a common basis—and the Magistrate Judge's legal conclusion denying such discovery is erroneous. See In re Kosmos Energy Ltd. Sec. Litig., 299 F.R.D. 133, 151 (N.D. Tex. 2014) (stating that a plaintiff does not satisfy its burden under Comcast through an empty assurance that proof of damages "will be offered on a uniform, [c]lass-wide basis").

**IV.     The Magistrate Judge Committed Legal Error in Denying Defendants' Requests for Information Regarding Communications to and with Stanford Financial Investors**

Whether common issues of misrepresentations, reliance and class-member knowledge—all of which are elements of plaintiffs' claims or defenses to those claims—predominate turns on the representations that Stanford Financial made to its investors. Defendants therefore sought from the Receiver documents reflecting Stanford Financial's communications with investors. The Magistrate Judge denied defendants discovery of those communications on the ground that the Receiver is nominally a nonparty. (Order at 7.) That was error. Indeed, even if the Receiver had not willingly chosen to inject himself into this litigation, nonparty status has no bearing on the scope of discovery available under the Federal Rules. See Fed. R. Civ. P. 45 advisory committee's note (1970 Amendment) ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Hussey v. State Farm Lloyds Ins. Co., 216 F.R.D. 591, 596 (E.D. Tex. 2003).

The Receiver does not confront this authority, instead resorting to generalized claims of burden. (See Receiver's Resp. at 8–9.) These objections are insufficient. (See Br. at 11.) As set

7

forth in the Brief, one of the issues plaintiffs raised in the class certification motion they served on defendants is whether Stanford Financial's marketing materials were materially false because they failed to disclose that the SEC was investigating Stanford Financial.[6] Putative class members' knowledge of the SEC's investigation is self-evidently relevant to defendants' affirmative defenses, and defendants are entitled to discovery of whether putative class members—including the proposed class representatives—knew of that investigation because Stanford Financial told them. (Id. at 10.) For this reason and others set forth in the Brief, the Magistrate Judge's order denying discovery of Stanford Financial's communications with the proposed class representatives and other putative class members should be reversed.

## V. The Receiver Should Be Compelled to Produce Responsive Documents of the Joint Liquidators Appointed by the High Court of Antigua and Barbuda

Defendants sought from the Receiver documents in the possession of the Joint Liquidators, which documents federal courts deem to be in the Receiver's possession because he is entitled to request them from the Joint Liquidators. See In re Wells, 426 B.R. 579, 610 (Bankr. N.D. Tex. 2006) ("[F]ederal courts have universally held that documents are deemed to be within the possession, custody, or control of a party . . . if the party has actual possession, custody, or control of the materials or has the legal right to obtain the documents on demand." (internal quotation marks omitted)). The Magistrate Judge committed legal error in denying defendants discovery of these documents.

The Receiver does not contest that, pursuant to the terms of the Cross Border Settlement Agreement, he has a legal right to obtain documents in the possession, custody, or control of the

---

[6] In an apparent attempt to moot defendants' arguments in opposition to certification and in support of their objection to the Magistrate Judge's ruling, and to eliminate from the record an admission plaintiffs had made in that regard, plaintiffs filed with this Court on the filing date a doctored class certification brief that advances a new and different theory than the one set forth in the brief they actually served in October 2014 and to which defendants had responded. Defendants plan to address this conduct in a separate submission.

8

Joint Liquidators. Rather, he appears to argue—without citation to any authority—that because the Court approved the Cross Border Settlement Agreement, he is entitled to an exemption from the settled rule that confidentiality provisions in contracts cannot be used to evade discovery requests from individuals not party to the agreements. See In re Enron Corp. Sec., Derivative & ERISA Litig., 623 F. Supp. 2d 798, 838 (S.D. Tex. 2009) ("Confidentiality clauses in private settlement agreements cannot preclude a court-ordered disclosure pursuant to a valid discovery request."); see also In re Cont'l Ins. Co., 994 S.W.2d 423, 425 (Tex. App.—Waco 1999, orig. proceeding) ("Individuals cannot protect relevant information from discovery by confidentiality provisions in contracts . . . . The private agreement between two individuals does not override the discovery rules."). This argument is nonsensical. Courts routinely approve private agreements such as settlement agreements or protective orders that contain confidentiality provisions; court approval of such contracts is no basis for withholding relevant documents in discovery. See Datapoint Corp. v. PictureTel Corp., No. Civ. A. 3:93-CV-2381D, 1998 WL 25536, at *2 (N.D. Tex. Jan. 14, 1998) (finding that the confidentiality of a court-approved settlement agreement is not a basis for withholding relevant documents in subsequent litigation even when the requested documents are clearly subject to the guarantee of confidential treatment). There is no reason to hold otherwise here.

**VI.     Proskauer Has Standing to Move to Compel**

The Magistrate Judge erred by finding that Proskauer lacks standing to compel the production of information from the Receiver. Simply put, the Magistrate Judge ignored the reality of this discovery dispute. From the outset, the Receiver acknowledged—without objection—that Proskauer and Chadbourne jointly intended to serve a subpoena for the requested documents. (See Br. at 13–14.) Both the Notice of Subpoena and Schedule A to the Subpoena clearly indicate the intent to serve the subpoena on behalf of both Chadbourne and Proskauer.

9

(Id.) In his responses and objections to the subpoena, the Receiver did not object on the grounds that Proskauer lacked standing. (Reply App. 4–17 [Rouhandeh Reply Decl., Ex. 1].) And, as limited, irrelevant and insufficient as his production was, the Receiver made it jointly to Proskauer and Chadbourne. (See Br. App. 191 [Rouhandeh Decl., Ex. 5].) Under the circumstances, Proskauer clearly has standing to compel production from the Receiver. To the extent that the Receiver had any valid objection to Proskauer's standing, his failure to timely object and his production to Proskauer waived it. See In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Accordingly, this Court should reverse the Magistrate Judge's ruling to the contrary.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court reverse the decision of the Magistrate Judge, and issue an order (i) compelling the Receiver to respond to the document requests identified herein, and (ii) allowing a reasonable period for the parties to supplement their class certification briefing after the documents have been produced.[7]

---

[7] The Court should disregard the Receiver's footnote request to be awarded costs. Gate Guard Servs. L.P. v. Perez, 14 F. Supp. 3d 825, 833 (S.D. Tex. 2014) ("[A]n argument raised in a footnote is insufficient and may be disregarded by the Court."). In any event, the Receiver's request should be denied because, as the Receiver admits, such costs are not available when the discovery motion is "substantially justified." (Receiver's Resp. at 5 n.3.) Indeed, there can be no serious debate as to whether defendants' motion—which was brought in good faith after the Receiver categorically refused to produce documents in response to a subpoena and is supported by Rule 23 and Supreme Court precedent—was "substantially justified." See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (explaining that the "substantially justified" standard is "satisfied if there is a genuine dispute" (citation and internal quotation marks omitted)).

| CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P. | DAVIS POLK & WARDWELL, LLP |
|---|---|
| By: /s/ Neil R. Burger<br>   Neil R. Burger<br>    Texas Bar No. 24036289<br>    nburger@ccsb.com<br>   Bruce W. Collins<br>    Texas Bar No. 04604700<br>    bcollins@ccsb.com<br>   901 Main Street, Suite 5500<br>   Dallas, Texas 75202<br>   Telephone: (214) 855-3000<br>   Facsimile: (214) 855-1333 | /s/ James P. Rouhandeh<br>James P. Rouhandeh*<br>  New York Bar No. 2211837<br>  rouhandeh@davispolk.com<br>Daniel J. Schwartz*<br>  New York Bar No. 4159430<br>  daniel.schwartz@davispolk.com<br>Jonathan K. Chang*<br>  New York Bar No. 4500484<br>  jonathan.chang@davispolk.com<br>450 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 450-4000<br>Facsimile: (212) 701-5800<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Proskauer Rose LLP* |

| VINSON & ELKINS LLP | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
|---|---|
| By: /s/ Harry M. Reasoner<br>Harry M. Reasoner<br>  Texas Bar No. 16642000<br>  hreasoner@velaw.com<br>William D. Sims, Jr.<br>  Texas Bar No. 24036289<br>  bsims@velaw.com<br>1001 Fannin Street, Suite 2500<br>Houston, Texas 77002<br>Telephone: (713) 758-2222<br>Facsimile: (713) 758-2346 | /s/ Daniel J. Beller<br>Daniel J. Beller*<br>  New York Bar No. 1643741<br>  dbeller@paulweiss.com<br>Daniel J. Leffell*<br>  New York Bar No. 1883776<br>  dleffell@paulweiss.com<br>William B. Michael*<br>  New York Bar No. 4296356<br>  wmichael@paulweiss.com<br>1285 Avenue of the Americas<br>New York, New York 10019-6065<br>Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990<br>* admitted *pro hac vice*<br><br>*Attorneys for Defendant Chadbourne & Parke LLP* |

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record in the above cause in accordance with Rule 5, Federal Rules of Civil Procedure, on this 27th day of April, 2015.

                /s/ James P. Rouhandeh
                James P. Rouhandeh