UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                           :

SAMUEL TROICE, HORACIO MENDEZ,       :
ANNALISA MENDEZ, and                :
PUNGA PUNGA FINANCIAL, LTD.,        :
individually and on behalf of all others    :
similarly situated,                    :
                                           :

             Plaintiffs,        :
                                           :

      - against -         :  Case No. 3:09-cv-01600-N
                                 :  Hon. David C. Godbey

PROSKAUER ROSE LLP,             :
THOMAS V. SJOBLOM,             :
P. MAURICIO ALVARADO, and      :
CHADBOURNE & PARKE LLP,       :
                                           :

         Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

**APPENDIX IN SUPPORT OF DEFENDANTS PROSKAUER ROSE LLP AND
CHADBOURNE & PARKE LLP'S REPLY IN SUPPORT OF OBJECTIONS TO
THE ORDER DENYING DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THE RECEIVER**

---

**Table of Contents**

| EXHIBIT | DOCUMENT | APPENDIX PAGE(S) |
|---|---|---|
| | Declaration of James P. Rouhandeh | 1-2 |
| 1 | The Receiver's Responses and Objections to Defendant Chadbourne & Parke, LLP's Third Party Subpoena to Produce Documents, dated December 19, 2014 | 3-17 |

Dated:  April 27, 2015

CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.

By: /s/ Neil R. Burger
　　Neil R. Burger
　　　Texas Bar No. 24036289
　　　nburger@ccsb.com
　　Bruce W. Collins
　　　Texas Bar No. 04604700
　　　bcollins@ccsb.com
　　901 Main Street, Suite 5500
　　Dallas, Texas 75202
　　Telephone: (214) 855-3000
　　Facsimile: (214) 855-1333

DAVIS POLK & WARDWELL, LLP

/s/ James P. Rouhandeh
　　James P. Rouhandeh*
　　　New York Bar No. 2211837
　　　rouhandeh@davispolk.com
　　Daniel J. Schwartz*
　　　New York Bar No. 4159430
　　　daniel.schwartz@davispolk.com
　　Jonathan K. Chang*
　　　New York Bar No. 4500484
　　　jonathan.chang@davispolk.com
　　450 Lexington Avenue
　　New York, New York 10017
　　Telephone:  (212) 450-4000
　　Facsimile:  (212) 701-5800
　　* admitted *pro hac vice*

*Attorneys for Defendant Proskauer Rose LLP*

VINSON & ELKINS LLP

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By: /s/ Harry M. Reasoner
    Harry M. Reasoner
     Texas Bar No. 16642000
     hreasoner@velaw.com
    William D. Sims, Jr.
     Texas Bar No. 24036289
     bsims@velaw.com
    1001 Fannin Street, Suite 2500
    Houston, Texas 77002
    Telephone: (713) 758-2222
    Facsimile: (713) 758-2346

/s/ Daniel J. Beller
Daniel J. Beller*
  New York Bar No. 1643741
  dbeller@paulweiss.com
Daniel J. Leffell*
  New York Bar No. 1883776
  dleffell@paulweiss.com
William B. Michael*
  New York Bar No. 4296356
  wmichael@paulweiss.com
1285 Avenue of the Americas
New York, New York 10019-6065
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
* admitted *pro hac vice*

*Attorneys for Defendant*
*Chadbourne & Parke LLP*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2015, I caused the foregoing document to be served on counsel of record for all parties of record via electronic mail or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ James P. Rouhandeh
James P. Rouhandeh

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

|  |  |
|---|---|
| SAMUEL TROICE, HORACIO MENDEZ,<br>ANNALISA MENDEZ, and<br>PUNGA PUNGA FINANCIAL, LTD.,<br>individually and on behalf of all others<br>similarly situated,<br><br>                  Plaintiffs,<br><br>        - against -<br><br>PROSKAUER ROSE LLP,<br>THOMAS V. SJOBLOM,<br>P. MAURICIO ALVARADO, and<br>CHADBOURNE & PARKE LLP,<br><br>                  Defendants. | Case No. 3:09-cv-01600-N<br>Hon. David C. Godbey |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## DECLARATION OF JAMES P. ROUHANDEH IN SUPPORT OF DEFENDANTS PROSKAUER ROSE LLP AND CHADBOURNE & PARKE LLP'S REPLY IN SUPPORT OF OBJECTIONS TO THE ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE RECEIVER

James P. Rouhandeh, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury:

1.     I am an attorney admitted to practice pro hac vice before this Court, and I am a partner in the law firm of Davis Polk & Wardwell LLP, counsel for Proskauer Rose LLP ("Proskauer") in the above-captioned matter.  I submit this declaration in support of defendants Proskauer and Chadbourne & Parke LLP's Reply in Support of Objections to the Order Denying Defendants' Motion to Compel Production of Documents from the Receiver.  The matters in this declaration are within my personal knowledge and are true and correct.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Receiver's

Responses and Objections to Defendant Chadbourne & Parke's Third Party Subpoena to

Produce Documents, dated December 19, 2014.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          April 27, 2015

                    /s/ James P. Rouhandeh
                    James P. Rouhandeh

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL TROICE, HORACIO MENDEZ, ANNALISA MENDEZ, PUNGA PUNGA FINANCIAL, LTD., Individually and on behalf of a class of all others similarly situated, | § § § § § § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:09-cv-01600 |
| v. | § | |
| | § | |
| PROSKAUER ROSE, LLP, THOMAS V. SJOBLOM, P. MAURICIO ALVARADO, AND CHADBOURNE & PARKE, LLP,, | § § § | |
| | | |
| Defendants. | | |

_____

**THE RECEIVER'S RESPONSES AND OBJECTIONS TO DEFENDANT
CHADBOURNE & PARKE, LLP'S THIRD PARTY SUBPOENA TO PRODUCE
DOCUMENTS**

_____

Ralph S. Janvey (the "Receiver") serves the following responses and objections to

Defendant Chadbourne & Parke, LLP's ("Chadbourne's") Third Party Subpoena to Produce

Documents, served on the Receiver on November 11, 2014 (the "Subpoena")[1]. The Receiver

reserves the right to supplement or modify these responses and to introduce additional

information in connection with any motion or hearing concerning the Subpoena.

---

[1] The parties agreed to extend the deadline for the Receiver to object or respond to the Subpoena to December 19, 2014.

## I.      General Objections

1. The Receiver objects to the Subpoena in its entirety because Chadbourne has failed to describe with reasonable particularity the documents it seeks, and has failed to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  The Subpoena is overbroad, unduly burdensome, and seeks voluminous documents and data that have no relevance to the parties' claims or defenses or even the subject matter of the lawsuit.  These objections are based on not just the Federal Rules of Civil Procedure governing discovery, but also on this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants." *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.  The Receiver is the custodian of millions of documents and data spanning more than 20 years, and much of the data are in inaccessible forms.  To force the Receiver to respond to this Subpoena as written would exact a heavy cost and burden on the Receivership and the defrauded investors for whose benefit the Receiver is conserving the Receivership Estate.

2. The Receiver further objects to the Subpoena because it seeks production of documents and data that are neither relevant to the issue of class certification, which is the scope of discovery allowed by this Court under the Class Certification Scheduling Order issued in this matter as Document 142, nor reasonably calculated to lead to the discovery of admissible evidence.  As such, the Subpoena subjects the Receiver to oppression, harassment, and undue burden and expense not commensurate with any legitimate discovery need.

3. The Receiver further objects to the Subpoena because it is vague, ambiguous, incomprehensible, overbroad or otherwise lacking precision and thereby requires the Receiver to engage in conjecture as to its meaning.  In many instances, it is impossible to speculate as to what documents the Subpoena is requesting.

4. The Receiver objects to the Subpoena because it seeks to impose obligations that exceed those required by the Federal Rules of Civil Procedure as they apply to a subpoenaed third party.

5. The Receiver objects to the Subpoena because it asks for communications and other information protected by the attorney-client privilege, including the common-interest or joint defense privileges, work product exemption, and potentially other applicable privileges or protections.

## II.      Objections to Definitions

6. The Receiver objects to, and will not be bound by, the Definitions in Schedule A to the Subpoena to the extent that they are inconsistent with or attempt to impose obligations on the Receiver that are greater than those proscribed by the Federal Rules of Civil Procedure, and any other applicable law, and to the extent that the Definitions attempt to give meaning to terms beyond those terms' common and ordinary meanings.

7. The Receiver objects to the Subpoena's definition of the word "document" because it is overbroad, vague, ambiguous and because it would impose undue burden and expense on the Receiver, and would require the Receiver to produce electronically stored information from sources that are not reasonably accessible because of undue burden or cost. The Receiver shall interpret the word "document" as it is used in Federal Rule of Civil Procedure 45, and will comply with that rule's requirements for responding to the Subpoena.

8. The Receiver objects to the Subpoena's definition of "'Plaintiffs,' 'you' and 'your'" as vague and ambiguous, since it is unclear whether "you" and "your" refers to the Receiver as the recipient of the Subpoena.

9. The Receiver objects to the Subpoena's definition of "Receiver" as overbroad, vague and ambiguous. The "Receiver" shall be understood as Ralph Janvey in his capacity as court-appointed receiver as defined in the "Second Amended Order Appointing Receiver" issued in *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.

10. The Receiver objects to the Subpoena's definitions of "identify" as overbroad. If the Receiver were to search for and collect data as required by this definition, the production would be unduly burdensome, prohibitively expensive, and tremendously time-consuming. Chadbourne has therefore failed to take reasonable steps to avoid imposing undue burden and expense on the Receiver. The Receiver shall interpret "identify" to have its commonly used meaning, and shall respond to the Subpoena as required by Rule 45.

11. The Receiver objects to the Subpoena's definitions of "relating to" or "in relation to" as overbroad and confusing. If the Receiver were to search for and collect data as required by these definitions, the production would be unduly burdensome, prohibitively expensive, and tremendously time-consuming. Chadbourne has therefore failed to take reasonable steps to avoid imposing undue burden and expense on the Receiver. The Receiver shall interpret these terms to have their commonly used meanings, and shall respond to the Subpoena as required by Rule 45

### III.   Objections to General Instructions

12. The Receiver objects to General Instruction 1 and the supplementation requirement contained therein as unduly burdensome to the extent that it imposes a requirement to disclose documents that are created or enter into the Receiver's possession, custody, or control after the date of these responses and objections, or otherwise exceeds the requirements of the Federal Rules of Civil Procedure or any other applicable law. The Receiver will respond to the Subpoena as required by the Federal Rules of Civil Procedure.

13. The Receiver objects to General Instruction 2 as unduly burdensome because it requires the Receiver to make objection responses that exceed the requirements of the Federal

Rules of Civil Procedure.  The Receiver will respond to the Subpoena as required by the Federal Rules of Civil Procedure.

14.     The Receiver objects to General Instruction 3 to the extent that it would violate the attorney-client privilege, including the common-interest or joint defense privileges, work product exemption, or any other applicable privileges or protections, or to the extent that it would require the Receiver to produce confidential or otherwise sensitive information that is not relevant to the class certification issues to which this Subpoena must be limited in accordance with the Class Certification Scheduling Order issued as Document 142 in this matter.

15.     The Receiver objects to General Instructions 5 through 9 and 14, including but not limited to the forms of production required for electronic data, because they are unreasonable and impose undue burden and expense on the Receiver.

16.     The Receiver objects to General Instructions 7, 11, and 12 because they impose undue burden and expense on the Receiver and require production of electronically stored information that is not reasonably accessible due to undue burden or cost.  Moreover, the requested form(s) of production for electronic data are unreasonable and unduly burdensome.

17.     The Receiver objects to General Instruction 13 because it imposes an undue burden and expense on the Receiver.

18.     The Receiver objects to General Instruction 15 because it imposes an undue burden and expense on the Receiver, and because it imposes obligations greater than those required by the Federal Rules of Civil Procedure and this Court in its Second Amended Order Appointing the Receiver.  The Receiver has been charged by this Court to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.  The Receiver is the custodian of millions of documents and data spanning more than 20 years, and much of the data are in inaccessible forms.  To force the Receiver to describe each document withheld for privilege would exact a heavy and undue burden and expense on the Receivership and the defrauded investors for whose benefit the Receiver is conserving the Receivership Estate.

# IV.    Specific Objections and Responses

**REQUEST FOR PRODUCTION NO. 1.** Documents sufficient to identify all claims or potential claims "filed with the Receivership Estate," as referenced in paragraphs 5, 13 and 17 of the Janvey Declaration, including documents sufficient to identify (i) each claimant, (ii) the address, telephone number and other contact information for each claimant, (iii) the citizenship of each claimant, (iv) the nature and amount of each claim, (v) the date on which each claim was filed or submitted; (vi) whether the claim was authorized, and if so, the date on which the Receiver or Receivership Estate "issued notices of determination" with respect to the claim (as referenced in paragraph 13 of the Janvey Declaration), and (vii) any information concerning the quantification of damages for any claim.

**<u>Response</u>**: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.  The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.  Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount.  That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 2.** Any notices of deficiency distributed by the Receivership Estate to potential claimants.

**<u>Response</u>**: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.  The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not

reasonably calculated to lead to the discovery of admissible evidence related to the class certification issue or the subject matter of the lawsuit.

**REQUEST FOR PRODUCTION NO. 3.** Any database or spreadsheet or other document aggregating the data referenced in Request 1, including but not limited to any materials maintained by Gilardi or FTI.

<u>Response</u>: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested. The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver. This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants." *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130. The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit. To the extent the Request asks the Receiver to create a database or spreadsheet that does not already exist, the Receiver objects that the Request exceeds Rule 45's requirement that documents be produced "as they are kept in the ordinary course of business[.]" The Receiver further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product exemption, or the consulting expert privilege. Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount. That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 4.** All documents relating to the "JL Claims" referenced in paragraph 16 of the Janvey Declaration, including but not limited to all documents received from the Antiguan Joint Liquidators relating to the JL Claims and all documents relating to, constituting or reflecting communications between the Antiguan Joint Liquidators and the Receiver or Receivership Estate relating to the JL Claims.

<u>Response</u>: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver also objects that this Request would force the Receiver to violate the confidentiality and joint privilege provisions of the March 12, 2013 "Court-approved Settlement Agreement and Cross-Border Protocol," *see In re Stanford International Bank*, No. 3:09-CV-0721 (N.D. Tex. filed April 20, 2009), Doc. 188, and the September 20, 2012 "Joint Litigation Privilege and Non-Disclosure Agreement" executed between, *inter alia*, the Receiver and the Joint Liquidators. The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver. This is

especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."   *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit. The Receiver further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product exemption, or the consulting expert privilege.

**REQUEST FOR PRODUCTION NO. 5**. All data that the Receiver, Receivership Estate or FTI would use to calculate damages, as referenced in paragraph 17 of the Janvey Declaration.

**Response**: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.   The Request is further vague and ambiguous because the class has not yet been defined or certified, making it impossible to identify the information responsive to this Request.   The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.   This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."   *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues.   Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount.     That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 6.** All documents relating to, constituting or reflecting communications between Plaintiffs and the Receiver or Receivership Estate.

**Response**: The Receiver objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested, particularly given the lack of time limitation and given the definition of Receivership Estate.   The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.   This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."   *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further

objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.  The Receiver further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, including the common-interest or joint defense privileges, and the work product exemption.

**REQUEST FOR PRODUCTION NO. 7.** The "SIB CD data" referenced in Section XII (pages 35 and 36) of the Van Tassel Testimony and all other documents or data relied upon in preparing the summary information on SIB CD clients reflected in that section.

**Response**:  The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.  The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.

**REQUEST FOR PRODUCTION NO. 8.** Documents sufficient to show any purchase or sale of any and all CDs, including without limitation the timing and amount of such purchases and sales, and the broker or brokers through which such CDs were purchased or sold.

**Response**: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested and does not even limit the Request to information from a particular time period or to information concerning potential class members.   The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of

admissible evidence related to the class certification issues or the subject matter of the lawsuit. Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount. That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 9.** Documents sufficient to show customer account positions with Stanford Financial, including without limitation monthly and yearly holdings or positions in Stanford Financial investments or investment accounts.

<u>Response</u>: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested and does not even limit the Request to information from a particular time period or to information concerning potential class members. The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver. This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants." *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130. The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit. Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount. That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 10.** Documents sufficient to show investments in CDs, including without limitation copies of the investment instruments, monthly or yearly account statements, all account transfers or journaling activity, and any other documents reflecting activity concerning holding of CDs.

<u>Response</u>: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested and does not even limit the Request to information from a particular time period or to information concerning potential class members. The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver. This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants." *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed

Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit. Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount.   That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 11.** All documents provided to investors in connection with any purchase or sale of, or potential purchase or sale of, the CDs, including without limitation all Offering Materials.

**Response**: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested and does not even limit the Request to information from a particular time period or to information concerning potential class members.   The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.   This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."   *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.

**REQUEST FOR PRODUCTION NO. 12.** Documents sufficient to identify any action, as well as the current status of any such action, that you have commenced on behalf of the Stanford Receivership Estate against any persons who filed claims with the Receivership, including without limitation the Persons identified in paragraphs 5, 13, 14, 15, and 16 of the Janvey Declaration.

**Response**: The Receiver objects to this Request as vague, ambiguous, and overly broad because it fails to describe with reasonable particularity the documents requested.   Moreover, the Receiver cannot ascertain what the meaning of the term "action" is in the context of this Request, making it impossible to identify particular information responsive to this Request.   The Receiver further objects to this Request because if it refers literally to any "action" taken by the Receiver, it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.   This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."   *SEC v. Stanford International Bank,*

*Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit. The Receiver further objects to the extent this Request seeks disclosure of documents or data that is protected by the attorney-client privilege, the work product exemption, or the consulting expert privilege.  Without waiving any of the foregoing objections, the Receiver responds that, with respect to allowed CD claims filed with the Receivership, he has produced a report listing 1) the Claim Group, 2) the Claim Number, and 3) the Allowed Claim Amount.   That report was produced subject to a confidentiality agreement.

**REQUEST FOR PRODUCTION NO. 13.** Employment or other agreements and other documents sufficient to identify the financial arrangements with, and actual compensation paid to, all brokers who advised putative class member to buy, hold or sell CDs.

**Response**: The Receiver objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.  The Stanford Entities employed hundreds of financial advisors who sold SIB CDs to investors, and therefore, the potential scope of documents requested is extremely voluminous.   Thus, the Receiver further objects because it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit. Without waiving any of the foregoing objections, the Receiver responds that he has produced offer letters and employment agreements relating to David Nanes and Nigel Bowman.

**REQUEST FOR PRODUCTION NO. 14.** All documents related to or referencing the Receiver's rejection of certain "SIB CD claims," as referenced in paragraph 13 of the Janvey Declaration.

**Response**: The Receiver objects to this Request because it mischaracterizes the Receiver's declaration.  The Receiver stated that "it has issued notices of determination reflecting allowed claims amounts for 17,023 of those [18,363 unique] SIB CD claims." The declaration does not address "rejected" claims.  The Request is vague and ambiguous for that reason. The Receiver further objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme.  The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.  The Receiver further objects that it

would be unduly burdensome, time consuming and expensive to collect the information requested concerning "rejected" claims, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.  The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.  The Receiver further objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product exemption, or the consulting expert privilege.

**REQUEST FOR PRODUCTION NO. 15.** All communications sent to or received by investors regarding any SEC investigation or inquiry concerning Stanford Financial or the CDs, including but not limited to communications from the SEC or Stanford Financial.

<u>Response</u>: The Receiver objects to this Request because it seeks personal and confidential financial and other identifying information concerning the victims of the Stanford Ponzi scheme. The Receiver further objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested and does not even limit the Request to information from a particular time period or to information concerning potential class members.   The Receiver further objects that it would be unduly burdensome, time consuming and expensive to collect the information requested, and the Request therefore fails to take reasonable steps to avoid imposing undue burden and expense on the Receiver.  This is especially so in view of this Court's charge to the Receiver to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  *SEC v. Stanford International Bank, Ltd.*, No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009), Doc. 1130.   The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.

**REQUEST FOR PRODUCTION NO. 16.** All documents related to any information-sharing agreement between or among any of the Receiver, the OSIC, the SEC, the Antiguan Joint Liquidators and Plaintiffs and/or Plaintiffs' Counsel.

<u>Response</u>: The Receiver objects to this Request as vague, ambiguous and overly broad because it fails to describe with reasonable particularity the documents requested.  The Receiver further objects that this Request seeks information that is not relevant to any party's claims or defenses in relation to the class certification issues to which the parties' discovery is limited by the Class Certification Scheduling Order in this matter or the subject matter of the lawsuit, and is not reasonably calculated to lead to the discovery of admissible evidence related to the class certification issues or the subject matter of the lawsuit.  The Receiver further objects to this

App. 015

Request to the extent it seeks information protected by the attorney-client privilege, the work product exemption, or the consulting expert privilege.


Dated:  December 19, 2014                        Respectfully submitted,

                                                 BAKER BOTTS L.L.P.


                                                 By:_____
                                                 Kevin M. Sadler
                                                 Texas Bar No. 17512450
                                                 kevin.sadler@bakerbotts.com
                                                 Scott D. Powers
                                                 Texas Bar No. 24027746
                                                 scott.powers@bakerbotts.com
                                                 David T. Arlington
                                                 Texas Bar No. 00790238
                                                 david.arlington@bakerbotts.com
                                                 98 San Jacinto Blvd., Suite 1500
                                                 Austin, Texas 78701-4039
                                                 512.322.2500
                                                 512.322.2501 (Facsimile)

                                                 ATTORNEYS FOR
                                                 RECEIVER RALPH S. JANVEY

## CERTIFICATE OF SERVICE

On December 19, 2014, I served the foregoing document on the following attorneys of record via U.S. Mail:

Edward C Snyder
Castillo Snyder PC
Bank of America Plaza
300 Convent Street
Suite 1020
San Antonio, TX 78205
**Attorney for Plaintiffs**

Bruce W Collins
Carrington Coleman Sloman & Blumenthal
901 Main St
Suite 5500
Dallas, TX 75202
**Attorney for Defendant Proskauer Rose LLP**

William B Mateja
Fish & Richardson PC
1717 Main Street, Suite 5000
Dallas, TX 75201
**Attorney for Defendant Thomas V. Sjoblom**

Michael J Stanley
Stanley Frank & Rose LLP
7026 Old Katy Road, Suite 259
Houston, TX 77024
**Attorney for Defendant P. Mauricio Alvarado**

Harry M. Reasoner
Vinson & Elkins LLP
1001 Fannin St
2500 First City Tower
Houston, TX 77002-6760
**Attorney for Defendant Chadbourne & Parke LLP**

John J Little
Little Pedersen Fankhauser LLP
901 Main Street, Suite 4110
Dallas, TX 75202
**Court Appointed Examiner**

*/s/ Kevin M. Sadler*
Kevin M. Sadler