UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL TROICE, PAM REED, <br> PUNGA PUNGA FINANCIAL, LTD. <br> Individually and on behalf of a class of all <br> others similarly situated <br><br> Plaintiffs, <br><br> VS. <br><br> PROSKAUER ROSE, LLP, <br> THOMAS V. SJOBLOM, <br> P. MAURICIO ALVARADO, AND <br> CHADBOURNE & PARKE, LLP <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 3:09-cv-01600 <br> § <br> § <br> § <br> § <br> § |

**PLAINTIFFS' RESPONSE TO DEFENDANT
PROSKAUER ROSE, LLP'S MOTION TO CORRECT THE RECORD BY REPLACING
DOCKET ENTRY 193 WITH BRIEF THAT PLAINTIFFS SERVED ON DEFENDANTS
AND TO STRIKE THE VALDESPINO DECLARATION**

NOW COME Plaintiffs, Samuel Troice, Pam Reed and Punga Punga Financial, Ltd., individually and on behalf of a class of all others similarly situated (collectively hereinafter "Plaintiffs"), and hereby file their Response to Defendant Proskauer Rose, LLP's Motion to Correct the Record by Replacing Docket Entry 193 with Brief that Plaintiffs Served on Defendants and to Strike the Valdespino Declaration (the "Motion"), and would show the Court the following:

**INTRODUCTION**

Defendant Proskauer Rose once again filed a frivolous pleading that seeks to waste this Court's time and drive up the cost of litigation for everyone.

Defendant's Motion is baseless. Based on facts learned through the almost 6 month Class Certification discovery process, Plaintiffs made three changes to the materials originally

served upon Defendants in October 2014 in compliance with this Court's Class Certification Scheduling Order.  First, Plaintiffs modified **three sentences** of their final filed Brief in a non-material way that does not in any way prejudice Defendants.  Second, Plaintiffs attached to their filed Brief the Declaration of Strasburger & Price partner Ed Valdespino that had been inadvertently omitted from the version served on Defendants in October 2014 (and which omission Defendants never complained about until springing the instant Motion).  Third, Plaintiffs corrected an obvious inconsistency between their original Motion and Brief.

As described in detail below, none of these changes are material and none of them prejudice Defendants.  The Court should deny the Motion.

### ARGUMENT AND AUTHORITIES

Plaintiffs served Defendants with their Class Certification Motion and Brief on October 31, 2014.  Thereafter the parties engaged in class discovery for roughly 6 months.  That discovery included depositions of the named Plaintiffs.  Defendants asked the Plaintiffs in their depositions if any of them had ever received a 2005 SEC Questionnaire about Stanford.  The Plaintiffs responded that none of them had received the 2005 SEC Questionnaire or had ever heard such a thing existed.

Defendants never produced the alleged 2005 SEC Questionnaire during the Plaintiffs' depositions, or as part of their Response served on Plaintiffs, and failed to file the 2005 SEC Questionnaire as record evidence in this case (likely because the document is not helpful to Defendants' arguments).  As such, the 2005 SEC Questionnaire only exists as a straw man interposed by Defendants in a desperate attempt to muddy the class certification record.

Based on what they learned during class discovery, Plaintiffs slightly modified 3 sentences of their opening Brief.  Specifically, as evidenced by the Red-lined version of the Brief

attached to Defendant's Appendix to their Motion (Doc. 205, App. 91-157) (hereinafter "Defendant's App."), Plaintiffs deleted the portion in Red of the following sentence:

> "Given the very serious nature of the letters that the SEC had sent to the SGC clients questioning the marketing and sales of the SIBL CDs, App. 978. Stanford then decided that he needed to hire "expert" outside counsel, specialized in SEC matters, to help respond to the SEC investigation".

Defendant's App. 106.

Plaintiffs made this modification because the Defendants never produced the SEC letters or the 2005 SEC Questionnaire in discovery, and neither presented nor filed them as evidence in their Response. When questioned during their depositions, each of the Class Plaintiffs testified that they never received and were never shown the letters or SEC Questionnaire. Therefore, given the absolute lack of evidence in the record about what the 2005 SEC Questionnaire actually says, and because Plaintiffs felt that the sentence as originally drafted constituted pure speculation about why Stanford "decided" to hire Defendants, Plaintiffs determined that a portion of the sentence was superfluous and so deleted that portion.

Plaintiffs also deleted, in 2 consecutive sentences, a reference to Stanford's failure to disclose the SEC investigation in Stanford's marketing materials and Reg. D Disclosure. See Defendants' App. 120 and 121. While the evidence is undisputed that Stanford did not disclose to investors the SEC investigation in either his marketing materials or the Reg. D Disclosure, Plaintiffs determined (as a result of the discovery process) that this was not an important or necessary fact in their motion for class certification. Nevertheless, this *very same allegation* is repeated in other sections of Plaintiffs' filed Brief; indeed it is the closing sentence of the opening paragraph of Plaintiffs' Brief. See Defendant's App. 92; see also App. 96. Therefore, Plaintiffs are at a loss to understand Defendants' complaint.

These 3 minor modifications to Plaintiffs' Brief did not violate the spirit or the letter of this Court's Class Certification Scheduling Order. Plaintiffs believe that the Court intended the class certification discovery process to be a two-way street allowing both Plaintiffs and Defendants to learn, through discovery, facts to support or better inform their legal arguments for or against class certification. If the Court intended for the Plaintiffs' October 31, 2014 Motion and opening Brief, which necessarily was drafted prior to Plaintiff having the opportunity to take any discovery, to be written in stone and not subject to change, then surely the Court would have ordered Plaintiffs to *file* their Motion and Brief with the Court on October 31, 2014 without the benefit of any discovery.

Plaintiffs are the masters of their pleadings and their legal theories and arguments for class certification. Plaintiffs do not believe the Court intended to create an asymmetrical process in which Plaintiffs would be forced to ignore facts developed during discovery and to stand pat with the Brief they drafted and presented to Defendants 6 months ago, before any discovery occurred, while Defendants would be permitted to pursue unilateral discovery and draft a responsive Brief based upon that discovery. Defendant's comparison of this situation to a motion for sanctions under Rule 11(c)(2) misses the point; the procedure outlined in Rule 11 does not contemplate a discovery period, but rather is designed to give a party an opportunity to withdraw or correct a filing that is violative of Rule 11.

At any rate, the referenced modifications are wholly immaterial to the arguments presented and Defendants cannot demonstrate they have been prejudiced in any way because the changes to the 3 sentences did not alter the evidence presented in support of class certification, did not alter the thrust of Plaintiffs' arguments in favor of class certification, and did not obviate Defendants' arguments against class certification. The SEC investigation of Stanford and

Stanford's failure to disclose it to investors is still mentioned prominently in the Brief; indeed it is referenced prominently in the opening paragraph of the Brief.  See Defendant's App. 92; see also App. 96.  More importantly, Plaintiffs' focus upon Stanford's uniform failure to disclose that he was evading U.S. laws and regulators and obstructing an SEC investigation is definitely not a new argument.  That allegation has been the principal factual basis for class certification and Plaintiffs' causes of action since the case was filed in 2009 and was heavily argued in the opening Brief Plaintiffs timely served on Defendants on October 31st.  Indeed, it occupied on October 31st and still occupies the subheading title of an entire section of Plaintiffs' Brief.  APP. 120.

More importantly, in the wake of the Supreme Court's holding in *Wal-Mart v. Dukes*, the class certification inquiry is focused on the evidence – not on the parties' characterization of the evidence or arguments about the evidence.  Here, the same evidence concerning the SEC investigation and Stanford's failure to disclose same that the parties presented to each other was filed with the Court; nothing was omitted.  For example, the declarations of the named class representative Plaintiffs state clearly that Stanford never told them that he was under SEC investigation, and that evidence is still cited in the Brief.  Defendants' App. 120.  Defendants made arguments about that evidence in their Response, and the two minor modifications made in Plaintiffs' Brief do not in any way change that evidence or Defendants' arguments about that evidence.

As for the Valdespino Declaration, its omission was an obvious oversight.  Strasburger has been counsel of record for the putative class since the case was filed in 2009, has appeared on every pleading, and was listed as class counsel in the class certification Motion and Brief.  Defendants' counsel deposed the class representative plaintiffs at Strasburger's offices in Dallas.

Defendants clearly knew that a Strasburger Declaration had been omitted from the October 31st served Brief because there was a blank left in the Brief for the name of the Strabsurger declarant [Defendant's App. 46]; Defendants apparently decided not to call this omission to Plaintiffs' attention, to request that Plaintiffs supplement their evidence with a copy of it, or to reference its omission in their served Response. Instead, Defendants decided to lie behind the log and complain about its omission via the instant Motion.

Moreover, Defendants don't even explain how the omission of the Strasburger Declaration has prejudiced them. The one thing Defendants *didn't* challenge in their opposition to class certification was the adequacy of class counsel. Defendants do not argue now that Strasburger is inadequate class counsel, nor that the omission of the Strasburger Declaration caused them to miss the opportunity to argue that Strasburger is inadequate class counsel. Defendants simply complain without justification, apparently for the sole purpose of forcing Plaintiffs to have to respond and this Court to waste its time dealing with another baseless motion.

Most egregious is Defendants' absurd complaint about Plaintiffs fixing an obvious error in their opening Brief. In the Motion they served on Defendants on October 31, 2014, Plaintiffs included a paragraph listing an alternative class definition consisting of all SIBL CD investors from Latin America. See Defendants' Appendix, App. 74. However, that same paragraph was mistakenly omitted from the accompanying Brief that Plaintiffs served on Defendants that same date. Nevertheless, the body of the Brief served on October 31 very clearly argued for certification of a class of Latin Americans based on the expert testimony of Professor Alejandro

Garro.  See Defendants' App. 61-64.[1]

When Defendants raised this obvious error in their served Response, Plaintiffs added the missing paragraph from the Motion back into the filed Brief.  Defendants now complain about that, despite having themselves retained and filed expert testimony from no less than 3 Latin American law experts testifying as to why citizens of Latin American countries should not be included in any class that is certified!

## CONCLUSION

Defendants' Motion lacks merit and should be denied.  But more importantly, with their most recent Motion Defendants have once again proven that they have no shame and are committed to filing baseless papers with this Court no matter their merit or lack thereof.  The Court should consider taking action to put a stop to Defendants' abusive litigation tactics.

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY the Motion.

Respectfully submitted,

**CASTILLO SNYDER, P.C.**
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas  78205
Telephone:  (210) 630–4200
Facsimile:  (210) 630–4210

By: /s Edward C. Snyder
    EDWARD C. SNYDER
    State Bar No. 00791699
    esnyder@casnlaw.com
    JESSE R. CASTILLO
    State Bar No. 03986600
    jcastillo@casnlaw.com

EDWARD F. VALDESPINO
State Bar No. 20424700
edward.valdespino@strasburger.com
ANDREW L. KERR
State Bar No. 11339500
andrew.kerr@strasburger.com
STRASBURGER & PRICE, LLP
300 Convent Street, Suite 900
San Antonio, Texas 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

---

[1]  Defendants shamelessly tell this Court in their Motion that Plaintiffs "failed to advance any argument supporting their request that a Latin American class be certified" in their October 31, 2014 Brief.  Motion at 6.

| | |
|---|---|
| **NELIGAN FOLEY, LLP** <br> Republic Center <br> 325 N. St. Paul, Suite 3600 <br> Dallas, Texas  75201 <br> Telephone: (214) 840–5320 <br> Facsimile:  (214) 840–5301 <br><br> By: */s Douglas J. Buncher* <br>      DOUGLAS J. BUNCHER <br>      State Bar No. 03342700 <br>      dbuncher@neliganlaw.com | DAVID N. KITNER <br> State Bar No. 11541500 <br> david.kitner@strasburger.com <br> STRASBURGER & PRICE, LLP <br> 901 Main Street, Suite 4400 <br> Dallas, Texas  75202 <br> Telephone: (214) 651-4300 <br> Facsimile: (214) 651-4330 |

**ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS**

## CERTIFICATE OF SERVICE

On May 14, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

By:     */s Edward C. Snyder*_____
         Edward C. Snyder